NEBRASKA ACCOUNTABILITY AND DISCLOSURE COMMISSION, APPELLANT, V. CITIZENS FOR RESPONSIBLE JUDGES AND KENT BERNBECK, APPELLEES.

588 N.W. 2d 807

Filed February 5, 1999.   No. S-97-1261.

Frank J. Daley, Jr., for appellant.

John M. Boehm for appellees.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.
HENDRY, C.J.

## INTRODUCTION

The Nebraska Accountability and Disclosure Commission (NADC), appellant, brought this action seeking a court order requiring Citizens for Responsible Judges and Kent Bernbeck, its cochairman (collectively Citizens), appellees, to submit to the provisions of the Nebraska Political Accountability and Disclosure Act (NPADA), Neb. Rev. Stat. §§ 49-1401 to 49-14,140 (Reissue 1993 & Cum. Supp. 1996). Specifically, the NADC sought a court order requiring Citizens to file a statement of organization, file campaign statements disclosing its receipts and expenditures, and submit its campaign records for an audit. The parties agreed that there were no genuine issues as to any fact. Accordingly, the district court found that Citizens was entitled to judgment as a matter of law and dismissed the action. The main issue on appeal is whether a group, organized to oppose the retention of a member of the judiciary, qualifies as a "committee" pursuant to § 49-1413 and is thereby subject to the reporting requirements of the NPADA.

## BACKGROUND

The NPADA was promulgated in 1976 to set up disclosure and accountability procedures concerning campaign finance. Specifically, it was designed to establish requirements for the financing, disclosure, and reporting of political campaigns and lobbying activities and provide conflict of interest provisions for ensuring the independence and impartiality of public officials. Statement of Purpose, L.B. 987, Committee on Miscellaneous Subjects, 84th Leg., 2d Sess. (Feb. 26, 1976).

For purposes of the NPADA, § 49-1413 defines a "committee" and explains when a committee is considered formed and subject to the reporting requirements of the act. Once a committee is subject to the NPADA, it must comply with specific disclosure and reporting requirements. Such requirements include the filing of a statement of organization disclosing the name and purpose of the group, as well as information regarding groups and individuals with whom it is associated. §§ 49-1449 and 49-1450. Committees are also required to file periodic campaign statements disclosing information about

receipts and expenditures in accordance with a statutory schedule. §§ 49-1454, 49-1455, and 49-1459.

The NPADA likewise provides for the NADC to administer and facilitate the provisions of the act. In accordance with the NPADA, the NADC has the authority and duty to perform field investigations and audits of committees "with respect to any campaign statement, registration, report, or other statement filed under the Nebraska Political Accountability and Disclosure Act if the commission or the executive director deems such investigations or audits necessary to carry out the purposes of the act." § 49-14,122.

Citizens is an organization which was formed for the purpose of opposing the retention of Supreme Court Justice David J. Lanphier in the 1996 general election. On October 16, 1996, the NADC notified Citizens in writing that it intended to audit Citizens' records pursuant to §§ 49-14,122 and 49-14,123(8) of the NPADA. Citizens refused to submit to the audit, asserting that it is not subject to the provisions of the NPADA and, therefore, not subject to the jurisdiction and authority of the NADC. Consequently, Citizens has never filed any documentation required by the NPADA.

On October 21, 1996, the NADC filed this suit against Citizens, seeking a court order requiring Citizens to comply with the NPADA by filing a statement of organization, filing a campaign statement, and submitting to an audit of its records. In its petition, the NADC asserted that it has a right and duty to receive this information from Citizens and has an obligation pursuant to § 49-1470 to make such information available to the public. Citizens answered the petition, admitting that its purpose was to oppose the retention of Justice Lanphier and that it did raise more that $2,000 in a calendar year for that purpose. However, Citizens denied that it is a "committee" as defined by the NPADA, and, therefore, asserted that it was not under any legal obligation to comply with the reporting requirements of the act or submit to the statutory authority of the NADC for purposes of an audit.

In response to Citizens' answer, the NADC filed a motion for summary judgment on February 20, 1997. At the hearing on the motion, the parties conceded that the facts are not in dispute and

that the sole issue is one of statutory construction. On May 20, the district court entered an order denying the NADC's motion for summary judgment after concluding that Citizens is not a "committee" pursuant to the NPADA and, therefore, not subject to the act's provisions.

On October 2, 1997, Citizens filed its motion for summary judgment. The district court entered an order granting Citizens' motion for summary judgment on the same grounds for which it had denied the NADC's motion. The NADC filed a notice of appeal with the district court for Lancaster County on December 5.

We removed the case to our docket pursuant to our power to regulate the Nebraska Court of Appeals' caseload and that of this Court. See Neb. Rev. Stat. § 24-1106(3) (Reissue 1995).

## ASSIGNMENTS OF ERROR

The NADC contends, rephrased and summarized, that the district court erred in finding that Citizens is not a "committee" as defined by § 49-1413 and sustaining Citizens' motion for summary judgment.

## STANDARD OF REVIEW

Summary judgment is proper where the facts are uncontroverted and the moving party is entitled to judgment as a matter of law. See, *Darrah v. Bryan Memorial Hosp.*, 253 Neb. 710, 571 N.W.2d 783 (1998); *Vilcinskas v. Johnson*, 252 Neb. 292, 562 N.W.2d 57 (1997).

The interpretation of statutes presents questions of law, in connection with which an appellate court has an obligation to reach an independent conclusion irrespective of the decision made by the court below. *PLPSO v. Papillion/LaVista School Dist.*, 252 Neb. 308, 562 N.W.2d 335 (1997); *Polinski v. Omaha Pub. Power Dist.*, 251 Neb. 14, 554 N.W.2d 636 (1996); *ConAgra, Inc. v. Bartlett Partnership*, 248 Neb. 933, 540 N.W.2d 333 (1995).

## ANALYSIS

The NADC claims the district court erred in granting Citizens' motion for summary judgment for the reason that Citizens is subject to the provisions of the NPADA. The NADC makes its claims based on its assertion that Citizens is a "com-

mittee" as defined by the NPADA and therefore subject to the requirements of the act. Citizens argues that it is not a committee for purposes of the NPADA and that therefore it is not legally obligated to comply with the reporting and disclosure requirements of the act or submit to the statutory authority of the NADC.

In March 1998, the Nebraska Legislature by L.B. 632 amended the NPADA, effective July 15, 1998, to include "judicial retention" in the definition of "ballot question." See Neb. Rev. Stat. § 49-1405 (Reissue 1998). With that in mind, the veritable issue before this court is whether Citizens was a committee for purposes of the NPADA as it existed prior to the 1998 amendments. For purposes of this analysis, all references to the NPADA are as it existed prior to the 1998 amendments.

The NADC argues that the district court erred in sustaining Citizens' motion for summary judgment, because the court incorrectly determined that the NPADA could not be interpreted to include committees involving the retention of a judge. The NPADA defines a "committee" for purposes of the act as

> any combination of two or more individuals which receives contributions or makes expenditures of over two thousand dollars in a calendar year for the purpose of influencing or attempting to influence the action of the voters for or against the nomination or election of one or more candidates or the qualification, passage, or defeat of one or more ballot questions . . . .

§ 49-1413. In order to be considered a committee for purposes of the NPADA, (1) a group must raise or expend over $2,000 in a calendar year and (2) the purpose of the group must be to influence the action of voters with respect to (a) a "candidate" or (b) a "ballot question."

It is undisputed that Citizens raised, received, or expended more than $2,000 within a calendar year and that the purpose of the group was to oppose the retention of Justice Lanphier. However, the district court held, as a matter of law, that Citizens was not a committee for purposes of the NPADA, because a judge standing for retention is not a "candidate," and a judicial retention question appearing on a ballot is not a "ballot question" as defined by the act.

*Candidate.*

The NPADA defines "candidate" for purposes of the act, in relevant part, as an individual "[w]ho files, or on behalf of whom is filed, a fee, affidavit, nomination papers, or nominating petition for an elective office." § 49-1409(a). The NPADA further defines "elective office" as "a public office filled by an election, except for federal offices." § 49-1417.

The NADC contends that a judge must be considered a "candidate" because a judicial officeholder who wishes to serve another term in office must submit an affidavit to the Secretary of State requesting that the question of his or her right to be retained in office for another term be submitted to the electorate of the appropriate district. See Neb. Rev. Stat. § 24-814 (Reissue 1995). The NADC asserts that although a judge is initially appointed to public office to fill a vacancy, a judge's succeeding terms in office are filled by election. This is so because a judge seeking to remain on the bench must participate in an election as a candidate. In support of its argument, the NADC points to § 49-1443, which defines a public official in part as "an *elected or appointed* official in the judicial branch of the state government or a political subdivision thereof." (Emphasis supplied.)

Citizens argues that although a judge who wishes to stand for retention does file an affidavit with the Secretary of State, the filing of the affidavit is not for an "elective office." Citizens stresses that the definition of "elective office" specifies that it is a " 'public office <u>filled</u> by an election.' " Brief for appellees at 13. Therefore, although a judge must stand for retention every 6 years, the office is never *filled* by an election; rather, it is filled by appointment. Citizens also asserts that the language used in § 49-1443 to define public official does not support the NADC's position that the NPADA refers to retained judges as "elected." Rather, Citizens argues that § 49-1443 refers to those judges who initially may have been elected to their judicial offices prior to the implementation of the merit plan for the selection of judges.

We find the definition of "candidate" as provided by the NPADA to be unambiguous. Statutory language is to be given its plain and ordinary meaning; an appellate court will not resort

to interpretation to ascertain the meaning of statutory words which are plain, direct, and unambiguous. *Metropolitan Utilities Dist. v. Balka*, 252 Neb. 172, 560 N.W.2d 795 (1997). It is not within the province of a court to read a meaning into a statute that is not warranted by the legislative language; neither is it within the province of a court to read anything plain, direct, and unambiguous out of a statute. *Father Flanagan's Boys Home v. Dept. of Soc. Servs.*, 255 Neb. 303, 583 N.W.2d 774 (1998); *Baker's Supermarkets v. State*, 248 Neb. 984, 540 N.W.2d 574 (1995).

The NADC argues that the definition of "elective office" encompasses judicial retention. However, the plain and unambiguous meaning of the term "elective office" as defined by the NPADA is an office *filled* by an election. We need only consider this state's Constitution to determine that a judge does not fall within the definition of a "candidate" for purposes of the NPADA. The Constitution of the State of Nebraska provides:

> In the case of any vacancy in the Supreme Court or in any district court or in such other court or courts made subject to this provision by law, *such vacancy shall be filled by the Governor* from a list of at least two nominees presented to him by the appropriate judicial nominating commission.

(Emphasis supplied.) Neb. Const. art. V, § 21(1). It is clearly apparent that a judicial office has not been *filled* by an election since the adoption of the merit plan in 1963. Judicial offices are *filled* by appointment.

The NADC urges this court to look at other statutes related in subject matter to elections to determine that a judge falls within the definition of a "candidate" as provided in § 49-1409. We find this to be unnecessary. A statute is open for construction to determine its meaning only when the language used requires interpretation or may reasonably be considered ambiguous. See, *State ex rel. City of Elkhorn v. Haney*, 252 Neb. 788, 566 N.W.2d 771 (1997); *Omaha Pub. Power Dist. v. Nebraska Dept. of Revenue*, 248 Neb. 518, 537 N.W.2d 312 (1995). As we have stated, the statutory definition of "candidate" as provided in the NPADA is unambiguous. We conclude that the district court did not err in determining that a judge is not a "candidate" for purposes of the NPADA.

*Ballot Question.*

The NADC next asserts that the district court erred in determining that a judicial retention question appearing on the ballot is not a "ballot question" as defined by § 49-1405 of the NPADA. The NPADA defines "ballot question" as "any question which is submitted or which is intended to be submitted to a popular vote at an election by way of initiative, referendum, recall, or bond issue or as a result of legislative action, whether or not it qualifies for the ballot." § 49-1405. It is axiomatic that a judicial retention question is not an initiative, referendum, recall, or bond issue; however, the NADC argues that it is "a result of legislative action."

The NADC contends that although a judicial retention question is not specifically listed in this definition, the list is not limited, but, rather, the NADC argues that the list is descriptive and suggests a class of items which qualify as ballot questions. The NADC asserts that the phrase "as a result of legislative action" is a catch-all phrase which is ambiguous and requires interpretation by this court.

Citizens argues that "as a result of legislative action" is not ambiguous, nor is it an all-inclusive, catch-all phrase that enlarges the enumerated list. Instead, Citizens contends that "legislative action" is a specific reference to a certain type of action placing an item on the ballot.

The phrase "as a result of legislative action" is unambiguous and requires no interpretation because the term "legislative action" is clearly defined in the NPADA as

> introduction, sponsorship, support, opposition, consideration, debate, voting, passage, defeat, approval, veto, delay, or an official action by an official in the executive branch or an official in the legislative branch on a bill, resolution, amendment, nomination, appointment, report, or any matter pending or proposed in a committee or the Legislature.

§ 49-1431. As defined by the NPADA, the term "legislative action" specifically refers to a certain type of action which places an item on the ballot.

The NADC next contends that the question of judicial retention falls within the definition of "legislative action" by asserting that statutes for the judicial retention process were passed

by the Legislature. See Neb. Rev. Stat. §§ 24-813 through 24-818 (Reissue 1995). The NADC further contends that legislative action causes a judicial retention question to appear on the ballot, because the process of judicial retention is legislatively prescribed. Therefore, according to the NADC, any question is a result of "legislative action" if there is a statutory basis for the question to appear on the ballot. Citizens, however, argues that the definition of "legislative action" is intended to refer to current actions by the Legislature, not simply any question on the ballot merely because there is a statutory basis for it.

The plain language of the definition of legislative action makes clear that it refers to pending or proposed actions of the Legislature or executive branch. The definition of legislative action lists the items to which it applies as "a bill, resolution, amendment, nomination, appointment, report, *or any matter pending or proposed* in a committee or the Legislature." (Emphasis supplied.) § 49-1431. This list indicates a restricted class of items which are qualified as "legislative action." Clearly, the question of judicial retention on a ballot is neither pending nor proposed to a committee or the Legislature. We therefore conclude that a judicial retention question is not placed on the ballot as "a result of legislative action" as this is defined by the NPADA.

The district court did not err in determining that Citizens is not a committee as defined by § 49-1413 and, accordingly, not subject to the provisions of the NPADA. Summary judgment is proper where the facts are uncontroverted and the moving party is entitled to judgment as a matter of law. See, *Darrah v. Bryan Memorial Hosp.*, 253 Neb. 710, 571 N.W.2d 783 (1998); *Vilcinskas v. Johnson*, 252 Neb. 292, 562 N.W.2d 57 (1997). The district court properly granted Citizens' motion for summary judgment for the reason that Citizens did not fall within the scope of the NPADA. The NADC's assignment of error is without merit.

## CONCLUSION

For the foregoing reasons, the decision of the district court granting Citizens' motion for summary judgment is affirmed.

AFFIRMED.