MATTHEW R. WINTER, APPELLEE, V.
DEPARTMENT OF MOTOR VEHICLES, APPELLANT.

594 N.W. 2d 642

Filed May 28, 1999. No. S-98-704.

Don Stenberg, Attorney General, and Terri M. Weeks for appellant.

Todd D. Wilson, Deputy Gosper County Attorney, for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.

CONNOLLY, J.

We granted the petition to bypass of the appellant, Department of Motor Vehicles (Department), to determine whether the district court had the authority to order an award of attorney fees to the Gosper County Attorney. We conclude that the representation of the Department in appeals from administrative license revocation hearings is not an ordinary duty of the Gosper County Attorney and, thus, that the district court was authorized to award attorney fees under Neb. Rev. Stat. § 23-1201(2) (Reissue 1997). Nonetheless, because the record contains no evidence that an application for fees was made, we reverse, and remand with directions for the trial court to hold a hearing concerning the proper amount of fees owed.

## BACKGROUND

The Department administratively revoked the motor vehicle operator's license of the appellee, Matthew R. Winter. See Neb. Rev. Stat. §§ 60-6,205 to 60-6,208 (Reissue 1993, Cum. Supp. 1996 & Supp. 1997). Winter sought judicial review in the district court for Gosper County under the Administrative Procedure Act. See Neb. Rev. Stat. §§ 84-901 to 84-920 (Reissue 1994 & Cum. Supp. 1998). A hearing was held by the district

court, wherein the Department was represented by the Deputy Gosper County Attorney. The district court affirmed the Department's revocation decision and ordered the Department to pay $250 in attorney fees to the Gosper County Attorney. The record does not indicate how the district court determined the amount owed.

## ASSIGNMENT OF ERROR

The Department asserts that the district court erred in awarding attorney fees to the Gosper County Attorney in the amount of $250.

## SCOPE OF REVIEW

■ The interpretation of statutes presents questions of law, in connection with which an appellate court has an obligation to reach an independent conclusion irrespective of the decision made by the court below. *Neb. Account. & Disc. v. Citizens for Resp. Judges*, 256 Neb. 95, 588 N.W.2d 807 (1999).

## ANALYSIS

The Department argues that the district court lacked the authority, statutory or otherwise, to award fees to the Gosper County Attorney. See *Zimmerman v. FirsTier Bank*, 255 Neb. 410, 585 N.W.2d 445 (1998) (holding that attorney fees and expenses may be recovered only where provided for by statute, or when recognized and accepted uniform course of procedure allows recovery of attorney fees). The Gosper County Attorney contends that § 23-1201 provided the district court with such authority in the instant case. Therefore, the question is whether § 23-1201 provided the district court with the authority to award fees to the Gosper County Attorney.

### 1. SECTION 23-1201

Section 23-1201 states:

> (1) . . . [I]t shall be the duty of the county attorney, when in possession of sufficient evidence to warrant the belief that a person is guilty and can be convicted of a felony or misdemeanor, to prepare, sign, verify, and file the proper complaint against such person and to appear in the several courts of the county and prosecute the appro-

priate criminal proceeding on behalf of the state and county. . . .

(2) It shall be the duty of the county attorney to prosecute or defend, on behalf of the state and county, all suits, applications, or motions, civil or criminal, arising under the laws of the state in which the state or the county is a party or interested. The county attorney may be directed by the Attorney General to represent the state in any action or matter in which the state is interested or a party. When such services require the performance of duties which are in addition to the ordinary duties of the county attorney, he or she shall receive such fee for his or her services, in addition to the salary as county attorney, as (a) the court shall order in any action involving court appearance or (b) the Attorney General shall authorize in other matters, with the amount of such additional fee to be paid by the state.

By its plain language, the first sentence of § 23-1201(2) clearly requires county attorneys to represent both the state and the county in all actions involving Nebraska law in which the state or the county is a party or is interested. In the instant case, the state was a party in Winter's appeal from the decision of the Department, which appeal arose under the laws of this state. See *Anstine v. State*, 137 Neb. 148, 288 N.W. 525 (1939), *overruled on other grounds, Beatrice Manor v. Department of Health*, 219 Neb. 141, 362 N.W.2d 45 (1985), and *Pointer v. State*, 219 Neb. 315, 363 N.W.2d 164 (1985). So, the Gosper County Attorney clearly had a duty to represent the state. However, that fact does not end our inquiry concerning *attorney fees*. That the Gosper County Attorney was required to represent the state says nothing as to whether the state was required to pay the Gosper County Attorney for those services. Who pays is a separate question.

The answer to that question is found in the second and third sentences of § 23-1201(2). The second sentence authorizes the Attorney General to direct the county attorney to represent the state in any action in which the state is either interested or a party. Although the plain language of this sentence seems clear, its meaning is ambiguous. If the county attorney is *required* by the first sentence of § 23-1201(2) to represent the state in *all*

such actions, under what circumstances would the Attorney General have reason to direct the county attorney to undertake such representation? One ordinarily has no need to direct another to do something that the other is already required to do. Not only would one ordinarily have no need to direct another to perform such a duty, one certainly would not expect to have to pay for its performance. Nonetheless, that is exactly what the third sentence of § 23-1201(2) requires.

Specifically, the third sentence of § 23-1201(2) requires the payment of attorney fees to the county attorney when the county attorney acts under the direction of the Attorney General, and such action requires the performance of duties which are *in addition* to the *ordinary* duties of the county attorney. By its plain language, this sentence implies that there are duties relating to the representation of the state that are not within the county attorney's "ordinary" duties. Consequently, the duties of the county attorney, as broadly described in the first sentence of § 23-1201(2), are subdivided by the second and third sentences into those duties that are ordinary and those duties that are extraordinary. The question is, What does "ordinary" mean? The dictionary provides little guidance, but the legislative and amendatory history of § 23-1201(2) is illuminating.

A statute is open for construction to determine its meaning when the language used requires interpretation or may reasonably be considered ambiguous. *Neb. Account. & Disc. v. Citizens for Resp. Judges*, 256 Neb. 95, 588 N.W.2d 807 (1999). To ascertain the intent of the Legislature, a court may examine the legislative history of the act in question, *Goolsby v. Anderson*, 250 Neb. 306, 549 N.W.2d 153 (1996), and reference may be had to earlier legislation upon the same subject, *Hoiengs v. County of Adams*, 254 Neb. 64, 574 N.W.2d 498 (1998).

Prior to 1885, the "district attorney" of each "judicial district" had the "duty . . . to appear in the district court . . . in each county in the judicial district for which he was elected, and prosecute and defend all actions, civil and criminal, and all matters whatsoever in which the state or county may be interested." Comp. Stat. ch. 7, § 15 (1881). However, in 1885, the sections describing "district attorneys" were repealed by Comp. Stat. ch. 7, §§ 15 through 28 (1885). "AN ACT to provide for the elec-

tion of county attorneys, to define their duties and fix their salaries, and to repeal sections fifteen (15), sixteen (16), seventeen (17), eighteen (18), nineteen (19), twenty (20) and twenty-one (21), of chapter seven (7), of the Compiled Statutes." 1885 Neb. Laws, ch. 40, p. 215. Chapter 7, § 16, described the duties of the newly-created position of "county attorney," and was substantively identical to the first sentence of the current version of § 23-1201(2):

> It shall be the duty of the county attorney to appear in the several courts of their respective counties and prosecute and defend, on behalf of the state and county, all suits, applications or motions, civil or criminal, arising under the laws of the state, in which the state or the county is a party or interested.

Thus, the duties of the county attorney have changed very little since the office was created. However, no arrangement was made for the payment of attorney fees by the Attorney General to the county attorney until 1959, when § 23-1201 was amended to provide for such fees. See § 23-1201 (Cum. Supp. 1959). This language was substantially identical to that of the second and third sentences of the current version of § 23-1201(2). An examination of the legislative history of the 1959 amendment is instructive.

The introducer's statement to 1959 Neb. Laws, ch. 87, § 1, p. 395, which bill resulted in the 1959 amendment to § 23-1201, clearly states the purpose behind the amendments:

> This bill is recommended by the Attorney General. County attorneys are presently required to represent the state in any matter to which the state is a party or in which the state is interested. There is no provision for any compensation for extra work. . . .

> The Attorney General believes that the county attorneys should be paid some compensation for their additional work in representing the state.

> This bill provides that if a county attorney is directed by the Attorney General to appear for the state in any action in which the state is interested or a party, he may receive a fee in addition to his county attorney's salary as the Attorney General may authorize.

Floor Debate, L.B. 82, 69th Sess. (Jan. 30, 1959). Therefore, although it has been the duty of the county attorneys to represent the state since 1885, as of 1959, there was no provision in place to compensate the county attorneys for performing such duties. The introducer's statement clearly indicates that the Legislature intended to resolve this problem by amending § 23-1201 to provide for attorney fees when the county attorney represents the state.

■ The legislative and amendatory history of § 23-1201(2) indicates that, although the county attorney has a duty to represent the state in all matters arising under the laws of the state in which the state is a party or is interested, this duty is not an "ordinary" duty of the county attorney. Rather, the "ordinary" duties of the county attorney are limited to the representation of the county in such matters and, as the language of § 23-1201(1) explicitly indicates, of the state in the prosecution of criminal matters. *State v. Douglas*, 217 Neb. 199, 349 N.W.2d 870 (1984) (stating that affirmative duty to prosecute all criminal matters is specifically placed upon county attorney); *Dinsmore v. State*, 61 Neb. 418, 85 N.W. 445 (1901). Accordingly, it was not an ordinary duty of the Gosper County Attorney to represent the Department in the instant case, since it was an action involving the state, and did not involve the prosecution of a criminal matter. See *State v. Howell*, 254 Neb. 247, 575 N.W.2d 861 (1998).

We conclude that the district court was authorized to award fees to the Gosper County Attorney under § 23-1201(2).

(a) Amount Awarded

However, the Department argues that even if the Gosper County Attorney was authorized to receive fees, the Department was not given an opportunity to appear and oppose the amount of fees awarded.

■ When an attorney fee is authorized, the amount of the fee is addressed to the discretion of the trial court, whose ruling will not be disturbed on appeal in the absence of an abuse of discretion. However, to determine proper and reasonable fees, it is necessary to consider the nature of the litigation, the time and labor required, the novelty and difficulty of the questions raised,

the skill required to properly conduct the case, the responsibility assumed, the care and diligence exhibited, the result of the suit, the character and standing of the attorney, and the customary charges of the bar for similar services. *Schirber v. State*, 254 Neb. 1002, 581 N.W.2d 873 (1998). Such an inquiry necessarily contemplates that some evidentiary showing will be made.

In *Schirber*, we addressed whether an award of attorney fees made under Neb. Rev. Stat. § 23-1204.01 (Reissue 1997) was appropriate. The attorney in *Schirber* filed an application with the trial court for the recovery of attorney fees, which application detailed the time and expenses upon which the fee request was based. An evidentiary hearing was held and the trial court granted in part the request for attorney fees. On appeal, this court stated that an application for attorney fees and expenses must be granted where the record demonstrates that the amount requested was reasonable, and there is no evidence or indication otherwise that the amount is unreasonable. We noted that the amount requested in the application was reasonable and that no evidence was offered or existed disproving the reasonableness of the attorney's application and, thus, that the application should have been granted.

■ It is implicit in this holding that the party opposing an application for attorney fees must be given an opportunity to present evidence against the application. The record in the instant case does not contain any evidence or otherwise indicate that the Gosper County Attorney made any formal application for attorney fees or that the Attorney General was notified of any such request. Based on this record, we can only conclude that the Attorney General was not given an opportunity to oppose the "application."

Because the Attorney General was not given an opportunity to oppose the fee award, we conclude that the trial court abused its discretion in awarding the Gosper County Attorney $250 in attorney fees.

## CONCLUSION

The Gosper County Attorney was authorized an award of attorney fees under § 23-1201. Nonetheless, we reverse, and remand with directions for the trial court to hold a hearing con-

cerning the proper amount of fees owed so that the Attorney General may be given an opportunity to contest the amount granted.

AFFIRMED IN PART, AND IN PART REVERSED
AND REMANDED WITH DIRECTIONS.