AUDRA E. BROWN, APPELLANT, V. ANTHONY J. KINDRED,
ALSO KNOWN AS FRANCIS G. SPARKS,
REAL NAME UNKNOWN, APPELLEE.

608 N.W. 2d 577

Filed March 31, 2000.   No. S-98-1089.

Kile W. Johnson and James A. Eske, of Barlow, Johnson, Flodman, Sutter, Guenzel & Eske, for appellant.

Roger G. Steele, of Luebs, Leininger, Smith, Busick, Johnson, Baack, Placzek & Steele, for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

HENDRY, C.J.

## INTRODUCTION

Audra E. Brown brought a negligence action against Anthony J. Kindred, also known as Francis G. Sparks (Kindred). Kindred demurred, asserting that the statute of limitations barred Brown's claim. The district court granted Kindred's demurrer and dismissed the action. Brown appeals. We reverse, and remand for further proceedings consistent with this opinion.

## FACTUAL BACKGROUND

On February 16, 1992, Brown was involved in an automobile accident in Hastings, Nebraska, wherein Kindred was the driver and Brown was a passenger in the car. Brown, who was born on August 8, 1972, was 19 years old when the accident occurred. On August 7, 1997, Brown filed suit against Kindred, alleging that Kindred negligently lost control of his vehicle and struck a tree, causing Brown serious injury. Kindred demurred to Brown's petition, affirmatively alleging that the applicable 4-year statute of limitations, Neb. Rev. Stat. § 25-207 (Reissue 1995), was tolled by Neb. Rev. Stat. § 25-213 (Reissue 1995) only until August 8, 1992, the date on which Brown turned 20 years of age. Kindred asserted that Brown's suit was therefore time barred because the statute of limitations ran on August 8, 1996.

The district court sustained the demurrer, finding that § 25-213 tolled the statute of limitations only until August 8, 1992, when Brown turned 20 years old. In a written order, the district court noted that in *Lawson v. Ford Motor Co.*, 225 Neb. 725, 408 N.W.2d 256 (1987), this court held that the phrase "within the age of 20 years" contained in § 25-213 tolled the statute of limitations until a person reached age 21, not age 20. However, the district court concluded that *Lawson* had been overruled by *Teater v. State*, 252 Neb. 20, 559 N.W.2d 758 (1997). The demurrer was sustained and the case was dismissed.

Brown thereafter timely petitioned the court for a new trial. Brown also petitioned for leave to file a third amended petition to more specifically plead other facts which operated to toll the statute of limitations. The court overruled both motions, and Brown appealed. We moved the case to our court pursuant to our authority to regulate the caseloads of this court and the Nebraska Court of Appeals. Neb. Rev. Stat. § 24-1106(3) (Reissue 1995).

## ASSIGNMENTS OF ERROR

Brown asserts that the district court erred in sustaining Kindred's demurrer based on the statute of limitations and in failing to grant Brown leave to file an amended petition.

## STANDARD OF REVIEW

■ The interpretation of a statute presents a question of law, in connection with which an appellate court has an obligation to reach an independent conclusion irrespective of the decision made by the court below. *Neb. Account. & Disc. v. Citizens for Resp. Judges*, 256 Neb. 95, 588 N.W.2d 807 (1999); *Polinski v. Omaha Pub. Power Dist.*, 251 Neb. 14, 554 N.W.2d 636 (1996).

■ When reviewing an order sustaining a demurrer, an appellate court accepts the truth of the facts which are well pled, together with the proper and reasonable inferences of law and fact which may be drawn therefrom, but does not accept as true the conclusions of the pleader. *Leader Nat. Ins. v. American Hardware Ins.*, 249 Neb. 783, 545 N.W.2d 451 (1996); *Seevers v. Potter*, 248 Neb. 621, 537 N.W.2d 505 (1995).

## ANALYSIS

■ Considering the well-pled facts in the present case, it is clear that the resolution of this appeal depends upon the mean-

ing of the phrase "within the age of 20 years" as set out in § 25-213. Section 25-213 provides:

> [I]f a person entitled to bring any action mentioned in this chapter . . . is, at the time the cause of action accrued, within the age of twenty years . . . every such person shall be entitled to bring such action within the respective times limited by this chapter after such disability is removed.

Over 10 years ago in *Lawson v. Ford Motor Co.*, 225 Neb. at 728, 408 N.W.2d at 258-59, we held that under § 25-213, "one is 'within the age of twenty years' until he or she becomes 21 years old." *Lawson* involved a products liability case in which the plaintiff, Lawson, was seeking to recover for damages caused in an automobile collision due to an allegedly defective gasoline tank. The sole issue in the case was whether § 25-213 tolled the statute of limitations until Lawson turned 20 years of age or until he turned 21 years of age. We held that the statute was tolled until Lawson turned 21 years of age, reversed the district court's determination that the action was time barred, and remanded the cause for further proceedings.

In *Lawson v. Ford Motor Co.*, 225 Neb. 725, 728, 408 N.W.2d 256, 258 (1987), we stated that the word " 'within' " means " 'inside of' " and that thus, a person is inside the age of 20 years until he or she turns 21. We reaffirmed this holding in *Coleman v. Chadron State College*, 237 Neb. 491, 497, 466 N.W.2d 526, 531 (1991), stating, "For purposes of § 25-213, one is 'within the age of twenty years' until he or she becomes 21 years old." Brown asserts that our holding in *Lawson* is still controlling and that thus, the district court erred in relying on *Teater v. State*, 252 Neb. 20, 559 N.W.2d 758 (1997), to find that Brown's claim was time barred.

*Teater* involved a negligence claim against the State of Nebraska. Teater, the plaintiff, claimed that she was sexually abused as a child by her foster father and that the State of Nebraska was negligent in its supervision of her and her foster father while she was in foster care. She filed suit in 1992 when she was 36 years old.

The controlling issue in *Teater* was when Teater's cause of action against the State accrued. Teater asserted that she did not discover her cause of action until 1992, when she found some

paperwork that showed her purported adoption by the foster parents never took place. Unlike *Lawson*, where the tolling provision of § 25-213 was directly at issue, in *Teater* the tolling provision of § 25-213 made no difference in the outcome because Teater did not file her claim until she was 36 years old. We found in *Teater* that the plaintiff's cause of action accrued at the latest when she was 14 years old, because she had knowledge when she was 14 years old that the adoption did not go through. Thus, Teater's claim was barred by the applicable statute of limitations.

The court in *Teater* did state in passing that Teater's cause of action was tolled under § 25-213 until she turned 20, without any discussion of our previous holdings in *Lawson* and *Coleman*. However, it is a well-established rule that "[a] case is not authority for any point not necessary to be passed on to decide the case or not specifically raised as an issue addressed by the court." *Farmers Union Co-op Ins. Co. v. Allied Prop. & Cas.*, 253 Neb. 177, 182, 569 N.W.2d 436, 439-40 (1997). The meaning of the phrase "within 20 years of age" was not at issue in *Teater*, nor was it necessary to pass on that issue to decide the case.

Further, "where a statute has been judicially construed and that construction has not evoked an amendment, it will be presumed that the Legislature has acquiesced in the court's determination of the Legislature's intent." *Johnson v. Holdrege Med. Clinic*, 249 Neb. 77, 83, 541 N.W.2d 399, 403 (1996). Our interpretation of "within the age of 20 years" announced in *Lawson* has not provoked any legislative amendment for 13 years. Additionally, the Legislature reenacted § 25-213 in 1988, after our holding in *Lawson*, and left the phrase "within the age of 20 years" unchanged. "It is presumed that when a statute has been construed by the Supreme Court, and the same is substantially reenacted, the Legislature gave to the language the significance previously accorded to it by the Supreme Court." *State v. Hocutt*, 207 Neb. 689, 692, 300 N.W.2d 198, 200 (1981).

Kindred asserts that we should nevertheless affirm the district court's order because the plain meaning of "within the age of 20 years" is until one reaches the age of 20. We determined otherwise in *Lawson v. Ford Motor Co.*, 225 Neb. 725, 408 N.W.2d 256 (1987), stating that the plain meaning of "within" indicates

enclosure or containment, and thus one is within the age of 20 years until one turns 21 years of age. We decline Kindred's invitation, and we reaffirm our decision in *Lawson* that for purposes of § 25-213, "within the age of 20 years" means until one becomes 21 years old. Having thus concluded, it is unnecessary to reach Brown's second assignment of error.

## CONCLUSION

The decision of the district court granting Kindred's demurrer and dismissing the case is reversed, and the cause is remanded for further proceedings consistent with this opinion.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.