IN RE ESTATE OF IDA PEARL SUTHERLIN, DECEASED.
NANCY E. PELSTER, APPELLEE, V. CARL SUTHERLIN,
PERSONAL REPRESENTATIVE OF THE ESTATE OF
IDA PEARL SUTHERLIN, DECEASED, APPELLANT.
622 N.W. 2d 657

Filed February 23, 2001.   No. S-99-1204.

Gregory G. Jensen, of Jensen Law Office, for appellant.

Robert D. Stowell, of Stowell, Kruml & Geweke, P.C., for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

CONNOLLY, J.

The county court granted summary judgment to remove Carl Sutherlin (Sutherlin) as the personal representative of the estate of Ida Pearl Sutherlin (Ida). The county court held that Sutherlin failed to comply with Neb. Rev. Stat. § 30-2412(c) (Reissue 1995). That statute requires that an applicant for personal representative with priority equal to that of other heirs must obtain the consent of those other heirs to the nomination unless they have renounced their right to appointment in writing and filed with the court. Sutherlin did not obtain the consent or renunciation of the other heirs. He now appeals. Because we determine that Neb. Rev. Stat. § 30-2438 (Reissue 1995), rather than summary judgment, provides the proper procedure for resolving conflicts when the priority of a previously appointed personal representative is challenged by parties with equal priority, we reverse, and remand for further proceedings.

## BACKGROUND

In November 1996, Ida died intestate in Garfield County, Nebraska. In January 1997, Sutherlin, Ida's grandson, nominated himself as personal representative of her estate. In his application, he listed four other grandchildren as having "prior or equal right to appointment." No information was given regarding whether the other grandchildren had renounced their rights to appointment or had consented to have Sutherlin represent them as the personal representative. In an informal proceeding, the registrar issued Sutherlin his letters of appointment on the same day. The registrar's appointment letter was prepared by Sutherlin's counsel and stated that "the person whose appointment is sought has priority entitling such person to appointment."

Sutherlin filed an inventory on May 14, 1997, showing that Ida's estate consisted of $9,338.62 in a checking account. However, no further action was taken until December 8, 1998, when Nancy E. Pelster, Ida's granddaughter, filed a petition to remove Sutherlin. Pelster withdrew her petition after it appeared from Sutherlin's answer that he was prepared to distribute the assets and close the estate. The record shows that Sutherlin received his share of Ida's estate but did not make distribution to the other heirs.

In August 1999, Pelster filed a second motion to remove Sutherlin, followed by a motion for summary judgment. The petition alleged that Sutherlin did not have priority for appointment and that an informal appointment was therefore incorrect. Pelster also alleged that a personal representative was unnecessary for this estate under the small estates statutes and that Sutherlin had mismanaged the estate's assets and failed to act in the best interests of the estate. At the hearing, the court sustained Pelster's motion for summary judgment based on the sole ground that Sutherlin's appointment was made without following state statutes because the other parties had not concurred in his appointment or renounced their rights to appointment.

## ASSIGNMENTS OF ERROR

Sutherlin assigns the county court erred in sustaining Pelster's motion for summary judgment to remove him, in over-

ruling his motion to strike the motion for summary judgment, and in finding that his appointment was illegal or void.

## STANDARD OF REVIEW

■ The interpretation of a statute presents questions of law, in connection with which an appellate court has an obligation to reach an independent conclusion irrespective of the decision made by the court below. *Brown v. Kindred*, 259 Neb. 95, 608 N.W.2d 577 (2000); *In re Interest of Rachael M. & Sherry M.*, 258 Neb. 250, 603 N.W.2d 10 (1999).

## ANALYSIS

There are two questions presented by this appeal: (1) Whether the county court correctly determined that the appointment was not made in compliance with the law and (2) what is the correct procedure for removing a personal representative for noncompliance with the statutory requirements of the application process.

Sutherlin contends that Neb. Rev. Stat. § 30-2420(b) (Reissue 1995) prohibits the retroactive vacation of his appointment and that under this statute, the only permissible avenue for his removal is for cause under Neb. Rev. Stat. § 30-2454(b) (Reissue 1995). He further contends that the only criterion the court could have used for removing him under § 30-2454(b) was intentional misrepresentation of material facts in the proceedings leading to his appointment. This finding, he contends, is contrary to the facts of the case.

The record indicates, however, that the court removed Sutherlin because his appointment was not made in compliance with § 30-2412(c). Subsection (c) of this statute requires that the other parties with equal priority either renounce their right to appointment or concur in the nomination of another.

### PRIORITIES

The interpretation of a statute presents questions of law, in connection with which an appellate court has an obligation to reach an independent conclusion irrespective of the decision made by the court below. *Brown v. Kindred, supra*; *In re Interest of Rachael M. & Sherry M., supra.*

■ The components of a series or collection of statutes pertaining to a certain subject matter may be conjunctively consid-

ered and construed to determine the intent of the Legislature so that different provisions of the act are consistent, harmonious, and sensible. *In re Guardianship of Rebecca B. et al.*, 260 Neb. 922, 621 N.W.2d 289 (2000); *Creighton St. Joseph Hosp. v. Tax Eq. & Rev. Comm.*, 260 Neb. 905, 620 N.W.2d 90 (2000).

As noted, § 30-2412(c) requires that when two or more persons share a priority for appointment as personal representative, they must either renounce that right or concur in the nomination of one to act on their behalf, or apply for the appointment. Neb. Rev. Stat. § 30-2414(1) (Reissue 1995), which sets out the application contents, requires the applicant to provide only his or her own priority in the application and the names of any persons having equal priority under § 30-2412(a). Sutherlin provided this information.

Neb. Rev. Stat. § 30-2421 (Reissue 1995), however, requires the registrar in an informal appointment proceeding to determine whether from the statements in the application the person whose appointment is being sought has priority entitling him or her to the appointment. See § 30-2421(7). In this case, the application was not accompanied by any renunciation of the right to appointment or any nomination of Sutherlin by those heirs with equal priority. Neither did Sutherlin give any indication that he had notified the other heirs of his intent to seek informal appointment as required by Neb. Rev. Stat. § 30-2423 (Reissue 1995). Section 30-2423 requires a moving party to "give notice as described by section 30-2220 of his intention to seek an appointment informally . . . (2) to any person having a prior or equal right to appointment not waived in writing and filed with the court." Despite these deficiencies, the registrar issued Sutherlin his letters of appointment. The letters of appointment were provided by Sutherlin's counsel and stated that Sutherlin had priority entitling him to appointment.

Although Sutherlin shared a priority with others, he did not have priority entitling him to the appointment. The comment to the Uniform Probate Code § 3-308, upon which § 30-2421 is based, indicates that a priority entitling an applicant with a shared priority to appointment could be obtained only through the consent of those with equal priority. See Unif. Probate Code § 3-308, comment, 8 U.L.A. 64-65 (1998) ("[u]nder [the priori-

ties section], one or more of the same class may receive priority through agreement of the others").

■ Because Sutherlin did not have priority entitling him to appointment, § 30-2412(e) is applicable:

> Appointment of one who does not have priority may be made only in formal proceedings except that appointment of one having priority resulting from renunciation or nomination may be made in informal proceedings. Before appointing one without priority, the court must determine that those having priority, although given notice of the proceedings, have failed to request appointment or to nominate another for appointment, and that administration is necessary.

Thus, the registrar's issuance of Sutherlin's appointment letters through an informal proceeding did not comply with § 30-2412(e) or § 30-2423, and the county court correctly determined that the appointment was made outside of the statutory mandates.

## PROCEDURE

The next issue is what procedure should be used for the removal of a personal representative for noncompliance with the statutory requirements of the informal application process.

■ The Nebraska Probate Code provides a direct, formal procedure for removing a personal representative whose appointment was not made in compliance with the priorities stated in § 30-2412, regardless of whether that appointment was made formally or informally. Section 30-2438 provides:

> (a) A formal proceeding for adjudication regarding the priority or qualification of one who is an applicant for appointment as personal representative, or of one who previously has been appointed personal representative in informal proceedings, if an issue concerning the testacy of the decedent is or may be involved, is governed by section 30-2426 [governing contents of petitions for formal testacy or appointment], as well as by this section. In other cases, the petition shall contain or adopt the statements required by section 30-2414(1) [governing informal application contents] and describe the question relating to priority or

qualification of the personal representative which is to be resolved. If the proceeding precedes any appointment of a personal representative, it shall stay any pending informal appointment proceedings as well as any commenced thereafter. If the proceeding is commenced after appointment, the previously appointed personal representative, after receipt of notice thereof, shall refrain from exercising any power of administration except as necessary to preserve the estate or unless the court orders otherwise.

(b) After notice to interested persons, including all persons interested in the administration of the estate as successors under the applicable assumption concerning testacy, any previously appointed personal representative and any person having or claiming priority for appointment as personal representative, the court shall determine who is entitled to appointment under section 30-2412, make a proper appointment and, if appropriate, terminate any prior appointment found to have been improper as provided in cases of removal under section 30-2454.

See, also, Unif. Probate Code § 3-402, comment, 8 U.L.A. 79 (1998) ("[i]f a formal order of appointment is sought because of disagreement over who should serve, Section 3-414 [§ 30-2438] describes the appropriate procedure").

Pelster's petition to remove the personal representative contained several allegations against Sutherlin. The county court based its order on her allegation that Sutherlin had failed to obtain statutorily required waivers, consents, or nominations for his appointment from the other heirs and that he was therefore without priority. We treat this petition as a request to have Sutherlin's priority adjudicated in a formal proceeding under § 30-2438. The hearing, however, was not in compliance with the requisites of a formal proceeding.

■ Neb. Rev. Stat. § 30-2209(16) (Cum. Supp. 2000) defines formal proceedings as "those conducted before a judge with notice to interested persons." Pelster served copies of her petition to Sutherlin and the other heirs with equal priority over a month in advance of the hearing. But when notice is required in an estate proceeding, Neb. Rev. Stat. § 30-2220 (Cum. Supp. 2000) requires the petitioner to give notice of the time and place

of the hearing to any interested person at least 14 days in advance by mail when the addresses of the parties are known and to file proof of that notice with the court. Interested person includes any heir or person having a priority for appointment. See § 30-2209(21). The record does not indicate when or if notice of the time and place of the hearing was given to the interested persons in this case, other than to Sutherlin.

■ Moreover, Pelster's petition was deficient in that she did not nominate a personal representative to replace Sutherlin. Section 30-2438 specifies that in cases where the testacy of the decedent is not at issue, "the petition shall contain or adopt the statements required by section 30-2414(1) and describe the question relating to priority or qualification of the personal representative which is to be resolved." Section 30-2414(1) governs the contents of an application for personal representative. Thus, it is implicit in this sentence that the petitioner will also nominate a personal representative.

The comment to the Uniform Probate Code's counterpart to § 30-2438 states: "It is important to distinguish formal proceedings concerning appointment from 'supervised administration'. The former includes any proceeding after notice involving a request for an appointment." See Unif. Probate Code § 3-414, comment, 8 U.L.A. 103 (1998).

■ In a hearing pursuant to § 30-2438, a judge should determine who has priority under § 30-2412 and make a proper appointment. See § 30-2438(b). Because Pelster failed to comply with the notice provision in § 30-2220 and failed to nominate another personal representative in her petition, the court was unable to make another appointment, had it determined that one was necessary under § 30-2412. Finally, we note that in a formal proceeding, a person with a substantial interest in the estate may object to the appointment of any person whose priority is not determined by will. See § 30-2412(b)(2).

■ While the county court correctly determined that Sutherlin had not complied with the statutory mandates in obtaining his appointment, it should not have granted summary judgment removing or replacing him because the hearing did not comply with the procedural requirements of a formal proceeding under § 30-2438. Thus, we conclude in this case that summary

judgment was an incorrect procedure for making a priority determination that removes or replaces the personal representative.

Upon remand, the county court should comply with § 30-2438 by determining who is entitled to appointment as personal representative under § 30-2412 and by making a proper appointment at a formal proceeding held for that purpose.

### CONCLUSION

We reverse the county court's removal of Sutherlin in a summary judgment hearing and remand the cause for further proceedings consistent with this opinion.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.