MICHAEL J. BALLANTINE, Infant, by DELIA BALLANTINE, Guardian ad Litem, and DELIA BALLANTINE, Plaintiffs, *v.* HENRY AHEARN, Defendant.

Supreme Court, Kings County, March 1, 1939.

*Morris Eisenstein,* for the plaintiff.

*John J. Halloran,* for the defendant.

STEINBRINK, J. Motion by the defendant for leave to serve a supplemental answer pleading the Statute of Limitations as a defense against the action of the plaintiff Delia Ballantine is granted.

The plaintiff Delia Ballantine sues as guardian *ad litem* of her infant son for personal injuries alleged to have been suffered by him, as well as on her own behalf for loss of services and medical expenses. It is with respect to the action for loss of services that the defense of Statute of Limitations is sought to be interposed. The cause of action in assault accrued on May 15, 1934, and suit herein was commenced on June 23, 1937. Section 50 of the Civil Practice Act provides that an action for assault must be commenced within two years after the cause of action has accrued. This limitation does not apply to the infant's action since he has not as

yet attained his majority. (Civ. Prac. Act, § 60.) The question is whether the action for loss of services partakes of the statutory suspension enjoyed by the infant.

Under section 37-a of the General Construction Law plaintiff's action for loss of services is to be construed as an action for personal injuries. (*Bianco* v. *Sun Oil Co.*, 143 Misc. 764; affd., 224 App. Div. 817.) The infant's action for personal injuries and the parent's action for loss of services, while springing from the same wrong, are separate causes predicated upon different rights. A judgment in the infant's action would not be *res judicata* of the issues in the parent's action.

Since the parent's action is an independent one, there is no justification for a suspension of the Statute of Limitations in the absence of those disabilities referred to in section 60 of the Civil Practice Act.