AMY MACKU, BY AND THROUGH HER MOTHER AND NEXT FRIEND, ALMA LORRAINE MACKU, RANDALL FAY MACKU, and ALMA LORRAINE MACKU, APPELLANTS, V. DRACKETT PRODUCTS CO., APPELLEE.

343 N.W.2d 58

Filed January 13, 1984. No. 83-212.

Clay B. Statmore, for appellants.

Bert L. Overcash and Richard L. Spangler, Jr., of Woods, Aitken, Smith, Greer, Overcash & Spangler, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

SHANAHAN, J.

Pursuant to Neb. Rev. Stat. § 24-219 (Cum. Supp. 1982), the U.S. Court of Appeals for the Eighth Circuit has asked this court to answer a question regarding Nebraska law applicable to proceedings pending in federal court. The question from federal court is, Does Neb. Rev. Stat. § 25-213 (Reissue 1979) toll the running of the 2-year provision of Neb. Rev. Stat. § 25-224(4) (Reissue 1979) in product liability cases brought during a plaintiff's infancy?

Amy Macku, a minor, was injured on August 23, 1977, as a result of drinking liquid drain cleaner manufactured by Drackett Products Co. At the date of Amy's injury Neb. Rev. Stat. § 25-212 (Reissue 1975) specified a 4-year statute of limitations for a claim based on product liability, viz, such action "can only be brought within four years after the cause of action shall have accrued."

In 1978 the Nebraska Legislature enacted L.B. 665, which changed the statute of limitations concerning a claim based on product liability, namely: "Product liability actions; statute of limitations. (1) All product liability actions shall be commenced within four years next after the date on which the death, injury, or damage complained of occurs.

"(2) Notwithstanding subsection (1) of this section or any other statutory provision to the contrary, any product liability action, except one governed by

section 2-725, Uniform Commercial Code, shall be commenced within ten years after the date when the product which allegedly caused the personal injury, death, or damage was first sold or leased for use or consumption.

. . . .

"(4) Notwithstanding the provisions of subsections (1) and (2) of this section, *any cause of action or claim which any person may have on July 22, 1978 may be brought not later than two years following such date.*" (Emphasis supplied.) § 25-224. Section 25-224 became law on July 22, 1978.

On May 13, 1981, Alma Lorraine Macku, mother and next friend of Amy Macku, filed a complaint in federal district court seeking damages for the bodily injury of Amy. Also designated as plaintiffs in that complaint were Randall Fay Macku and Alma Lorraine Macku, Amy's parents, seeking damages resulting from the occurrence of August 23, 1977. Product liability is the basis of the Mackus' claims. See Neb. Rev. Stat. §§ 25-21,180 et seq. (Reissue 1979). The complaint alleged that Drackett marketed the drain cleaner in a dangerously defective condition, that is, Drackett's container of liquid drain cleaner was not equipped with a child-resistant cap as required by federal law.

At the date Amy sustained injury, and also when the complaint was filed in federal court, § 25-213 provided: "Except as provided in sections 76-288 to 76-298, if a person entitled to bring any action mentioned in this chapter, Chapter 23, article 24, and sections 81-8,209 to 81-8,239, except for a penalty or forfeiture, or for the recovery of the title or possession of lands, tenements or hereditaments, or for the foreclosure of mortgages thereon, be, at the time the cause of action accrued, within the age of twenty years, insane or imprisoned, every such person shall be entitled to bring such action within the respective times limited by this chapter after such disability shall be removed . . . ."

Drackett moved for a dismissal of the action on the ground that the complaint had been filed more than 2 years after July 22, 1978. The motion for dismissal was sustained. The Mackus have appealed.

Before an answer can be given to the question from federal court, we must review the respective causes of action of Amy and her parents.

Generally, injury to a minor results in two causes of action—one on behalf of the minor and the other on behalf of the minor's parent. The minor's claim is based on damages caused by the personal or bodily injury sustained by the minor, while the claim of a parent is based on the loss of services during minority and the necessary expenses of treatment for the injured child. See, 67A C.J.S. *Parent & Child* § 137 (1978); Restatement (Second) of Torts § 703 (1977). The cause or right of action of parents is distinct from the cause of action of their child. See 67A C.J.S., *supra* § 138. As a result of the occurrence on August 23, 1977, there were two separate causes of action—one in favor of Amy for bodily injury and the other in favor of Amy's parents for loss or damage sustained on account of Amy's injury. The causes of action or claims of the Mackus existed at the date § 25-224(4) became law in 1978.

What, then, is the effect of the 2-year limitation of § 25-224(4) on Amy's personal claim and upon any claim of Amy's parents?

To answer this question in reference to Amy's claim, we must first examine prosecution of a minor's cause of action based on tort. Neb. Rev. Stat. § 49-101 (Reissue 1978) provides: "So much of the common law of England as is applicable and not inconsistent with the Constitution of the United States, with the organic law of this state, or with any law passed or to be passed by the Legislature of this state, is adopted and declared to be law within the State of Nebraska."

By the statutes of Westminster, West. 1, 3 Edw. I, ch. 49 (1275), and West. 2, 13 Edw. I, ch. 15 (1285), an

infant's action could be prosecuted by a guardian or a next friend. See, *Miles v. Boyden*, 20 Mass. (3 Pick.) 213 (1825); *Chudleigh v. C., R. I. & P. Ry. Co.*, 51 Ill. App. 491 (1893); *Cavender v. The Heirs of Smith*, 5 Iowa 157 (1857). Originally, at common law an infant could sue only by a guardian, because an infant was not sui juris—a person with legal capacity to act for oneself. See, *Whittem v. The State*, 36 Ind. 196 (1871); *Ortega v. Salt Lake Wet Wash Laundry*, 108 Utah 1, 156 P.2d 885 (1945); *In re Estate of Beghtel*, 236 Iowa 953, 20 N.W.2d 421 (1945); *Pintek v. Superior Court*, 78 Ariz. 179, 277 P.2d 265 (1954); *Davis v. Bankston*, 192 So. 2d 614 (La. App. 1966); cf. *Bose v. Wehrli*, 186 Misc. 325, 60 N.Y.S.2d 213 (1945). Absent prosecution by a guardian or next friend, an infant's action was subject to a demurrer as a result of the plaintiff's lack of capacity to sue. *Dalsgaard v. Meierding*, 140 Minn. 388, 168 N.W. 584 (1918); *Meyer v. Lane*, 40 Kan. 491, 20 P. 258 (1889).

Since 1867, Nebraska has recognized the common law regarding an infant's lack of legal capacity to sue. Such recognition is contained in our present statute, Neb. Rev. Stat. § 25-307 (Reissue 1979): "Suit by infant, guardian, next friend . . . . Except as provided by the Nebraska Probate Code, the action of an infant shall be commenced, maintained, and prosecuted by his guardian or next friend. . . ." Preservation of a cause of action of one under legal disability, e.g., an infant, has also existed in Nebraska law since 1867. See § 25-213.

In determining the effect of § 25-224(4) we bear in mind that statutes which change or take away a common-law right must be strictly construed. Any statutory construction restricting or abolishing common-law rights should not be adopted, unless the plain words of the statute compel such result. See, *Paulsen v. Courtney*, 202 Neb. 791, 277 N.W.2d 233 (1979); *Kenney v. Barna*, 215 Neb. 863, 341 N.W.2d 901 (1983). Consequently, any statute restricting a

cause of action for product liability is subject to scrutiny by the courts.

There is nothing in the language of § 25-224(4) indicating its 2-year limitation is given significance greater than, or effect different from, any other statute of limitations mentioned in chapter 25 of the Nebraska statutes. Must an infant commence an action "not later than two years following" July 22, 1978? Requiring an action to be prosecuted by one lacking legal capacity to sue is a consummate self-contradiction in law. Does § 25-213 toll the time limit of § 25-224(4) for prosecution of an infant's cause of action? Our answer is in the affirmative. Existence for a century has made preservation of an infant's cause of action an integral part of Nebraska's policy and law not casually overlooked or discarded. There must be more than silence in the legislation before we can infer an intent in § 25-224(4) to extinguish preservation of an infant's cause of action protected by § 25-213. To fashion an abolitionary intent from the verbal void of § 25-224(4) would be truly creative. However, creation is a subject for *Genesis* and not for the Nebraska Reports.

Courts are obligated to carefully watch over the interests of those persons legally incapable of asserting their rights. In *Sacchi v. Blodig*, 215 Neb. 817, 341 N.W.2d 326 (1983), we explained application of the discovery rule relative to prosecution of a malpractice claim of one under a legal disability. In the present situation, and in accordance with § 25-213, we hold that infancy tolls the 2-year statute of limitations of § 25-224(4). In answer to the question from federal court, Amy Macku's claim for product liability has not been barred under Nebraska law.

Concerning any claims of Amy's parents, § 25-224(4) shortened the statute of limitations for an adult's commencement of an action existing on July 22, 1978. The general rule is, "Unless forbidden by the state constitution, a state legislature may consti-

tutionally shorten the periods of limitation fixed by previously existing statutes. Moreover, such a change shortening the limitation period can validly be made applicable to existing causes of action, subject to the important qualification that there must be a reasonable time permitted for a party who has an existing cause of action to avail himself of his remedy before the bar of the statute as thus changed becomes effective. There is no vested right in the statute of limitations in force when a cause of action accrues, and the period allowed for suit may be shortened provided a reasonable time is permitted to bring the action." 51 Am. Jur. 2d *Limitation of Actions* § 38 at 620-21 (1970). The Legislature may reduce a period of limitations and apply a new and shorter period to previously accrued causes of action so long as a reasonable time is allowed to bring such action. See, *Educational Service Unit No. 3 v. Mammel, O., S., H. & S., Inc.*, 192 Neb. 431, 222 N.W.2d 125 (1974); *Greenhalgh v. Payson City*, 530 P.2d 799 (Utah 1975); *Bauld v. J. A. Jones Const. Co.*, 357 So. 2d 401 (Fla. 1978); *Collier v. Smaltz*, 149 Iowa 230, 128 N.W. 396 (1910); *McCloskey & Co. v. Eckart*, 164 F.2d 257 (5th Cir. 1947); *Davis & McMillan v. Industrial Acc. Com.*, 198 Cal. 631, 246 P. 1046 (1926). Alma Lorraine Macku and Randall Fay Macku, as persons with capacity to sue, could have prosecuted their causes of action during the shortened time, i.e., the 2-year period following July 22, 1978, prescribed by § 25-224(4).

Regarding a shortened time for commencement of an action, a "reasonable time" for prosecution of a claim must be of sufficient duration to afford full opportunity to resort to the courts for enforcement of the rights on which the statute of limitations operates. See, *Kozisek v. Brigham*, 169 Minn. 57, 210 N.W. 622 (1926); *Lamb v. Powder River Live Stock Co.*, 132 F. 434 (8th Cir. 1904). The 2-year period following July 22, 1978, was a reasonable time under the

circumstances for commencement of an action by Randall Fay Macku and Alma Lorraine Macku.

Section 25-213, suspending the statute of limitations during Amy's infancy, exists for the exclusive and personal benefit of Amy Macku and does not toll the time limit restricting prosecution of any parental claim associated with Amy's separate and personal claim. See, 54 C.J.S. *Limitation of Actions* § 235 (1948); *Osburn v. Savage Arms*, 66 Ohio Misc. 1, 419 N.E.2d 1138 (1980); *Ballantine v. Ahearn*, 170 Misc. 651, 10 N.Y.S.2d 937 (1939); *Walter v. City of Flint*, 40 Mich. App. 613, 199 N.W.2d 264 (1972); *Higgins v. Schneider*, 61 N.J. Super. 36, 160 A.2d 165 (1960).

For the reasons given our answer to the question from federal court is the claims of Alma Lorraine Macku and Randall Fay Macku are barred by the 2-year limitation dictated in § 25-224(4).

Although any claim of Amy's parents is barred by § 25-224(4), the claim of Amy, as previously indicated in this opinion, is not barred by § 25-224(4).

This opinion answering the certified question shall be sent to the U.S. Court of Appeals for the Eighth Circuit.

JUDGMENT ENTERED.