REQUESTED BY: Allen Curtis, Director Nebraska Commission on Law Enforcement and Criminal Justice
You have requested the opinion of this office regarding the question "Does the Nebraska Supreme Court's decision in [the]Macku v. Drackett Products Co. case regarding the statute of limitations for the minor child apply to claims for compensation filed for minor children with the Crime Victim's Reparations program?" It is our opinion that the Nebraska Supreme Court's decision in Macku v. Drackett Products Co.,216 Neb. 176, 343 N.W.2d 58 (1984), pertaining to the tolling of the statute of limitations for minor children, does not apply to situations involving applications for compensation under the Crime Victim's Reparations Act, Neb. Rev. Stat. §§ 81-1801 to81-1842 (1994).
Factual Background of the Present Situation
In your opinion request, you explained that the parent of a minor child submitted a claim for compensation to the Nebraska Crime Victim's Reparations ("CVR") Committee for the child's mental health counseling expenses. The child had been the victim of sexual offense forcible fondling. The assault occurred sometime between June and August, 1992, and was reported to the local police on September 11, 1992. The compensation claim for the child's mental health counseling expenses was received by the CVR Committee on August 28, 1995. The claimant was the child's mother. In compliance with Neb. Rev. Stat. § 81-1842 (1994), we will not use the names of the individuals involved or the location of the events in order to protect the child's identity.
The claim was denied by the CVR hearing officer because it was filed more than two years after the date of the incident. The hearing officer cited Neb. Rev. Stat. § 81-1821, which does not permit compensation payments under the Crime Victim's Reparations Act if submitted more than two years after the date of the incident.
The child's mother appealed the hearing officer's decision to the Crime Victim's Reparations Committee on January 12, 1996. A hearing was held May 2, 1996. The attorney representing the child's mother argued that the claim is not barred due to the holding in Macku v. Drackett Products Co. The Committee held its decision in abeyance in order to request an Attorney General's Opinion on the issue. Included with the opinion request was a copy of a letter from the mother's attorney submitted for consideration by the Attorney General's Office. In the letter, the mother's attorney points out that in theMacku decision, the Supreme Court held that the statute of limitations was tolled and did not bar a minor's claims. The Court also held that suspension of the statute of limitations was personal to the minor child, and the claims of the parents were not tolled. He believes that the mother's claim in the present situation is actually a claim by the minor child filed by the child's mother on behalf of the child.
Neb. Rev. Stat. § 81-1821 creates a two year statute of limitations in which claims for compensation must be filed with the CVR Committee or they are barred. It states:
 No order for the payment of compensation shall be entered under the Nebraska Crime Victim's Reparations Act unless the application has been submitted to the committee within two years after the date of the personal injury or death and the personal injury or death was the result of an incident or offense which had been reported to the police within three days of its occurrence or, if the incident or offense could not reasonably have been reported within that period, within three days of the time when a report could reasonably have been made.
Neb. Rev. Stat. § 81-1821 (1994).
Several other statutes in the Crime Victim's Reparations Act are applicable to this issue. These were mentioned in your opinion request. Neb. Rev. Stat. § 81-1808 (1994) allows parents or guardians to file claims on behalf of minor children. Section 81-1819 specifies that mental health counseling may be considered an actual and reasonable expense resulting from a personal injury. Section 81-1815 (1994) allows the CVR Committee to make compensation payments "(1) To or for the benefit of the injured person; (2) . . . to a person responsible for the maintenance of the victim who has suffered pecuniary loss or incurred expenses as a result of the injury. . . ."
The Commission's regulations set out these same payment provisions. Title 80, Nebraska Administrative Code ("NAC"), Chapter 4, § 005 again restates the two year time limit for filing claims. It states, "No compensation shall be awarded if the claim was not submitted to the Committee within 2 years of the date of the incident."
Chapter 3, §§ 001.01 and 001.02 set out two applicable categories of applicants eligible for compensation. They include:
 001.01 — Any victim of a criminal act or one authorized by law to act on the victim's behalf;
 001.02 — A spouse or any other person responsible for the maintenance and support of the victim who has suffered pecuniary loss or has incurred the victim's expenses as a result of the victim's injury;
80 NAC 3-001.01 and 001.02.
Title 80, NAC, Chapter 4, § 001.01, in accordance with § 81-1819, defines mental health counseling as an actual and reasonably incurred expense for purposes of compensation under the Crime Victim's Reparation Act.
The Macku Case
In Macku v. Drackett Products Co., 216 Neb. 176,343 N.W.2d 58 (1984), the Nebraska Supreme Court addressed a situation where a child had been injured by drinking liquid drain cleaner manufactured by the defendant. The child's parents sued the product manufacturer in federal court. The Nebraska Supreme Court, at the federal court's request, addressed the question "Does Neb. Rev. Stat. § 25-213 (Reissue 1979) toll the running of the 2-year provision of Neb. Rev. Stat. §25-224(4) (Reissue 1979) in product liability cases brought during a plaintiff's infancy?" Id. at 177,343 N.W.2d at 59. The question was presented to the Nebraska Supreme Court by the U.S. Court of Appeals for the Eighth Circuit, pursuant to Neb. Rev. Stat. § 24-219.
The statute of limitations pertaining to the Macku's product liability actions required a claim to be brought within two years. Neb. Rev. Stat. § 25-224(4) (1975). Amy Macku's parents brought a product liability action in their own right and on behalf of their daughter. The Court held that § 25-213
tolled the time limit in § 25-224(4) for bringing an infant's cause of action. The Court went on to hold that the parents' claims were barred, as § 25-213 did not toll their time limit and they had failed to commence their actions within the two year time limit. The Court pointed out the distinction between a minor child's claims and those of the child's parents. The Court stated:
 The minor's claim is based on damages caused by the personal or bodily injury sustained by the minor, while the claim of a parent is based on the loss of services during minority and the necessary expenses of treatment for the injured child. . . The cause or right of action of parents is distinct from the cause of action of their child.
Macku at 179, 343 N.W.2d at 60.
 Applicability of § 25-213 to Reimbursements Under the Crime Victim's Reparations Act
The Macku Court found that § 25-213 (1979) required a minor's right to bring an action be tolled. A crucial distinction between the Macku decision and the facts presented to the CVR Committee is that the Mackus' claims were based on product liability, while the claims before the CVR Committee are for compensation pursuant to the CVR program. Section 25-213 sets out the causes of action to which it applies. Compensation pursuant to the Crime Victim's Reparations Act is not listed. Section 25-213, in pertinent part, states:
 Except as provided in section 76-288 to 76-298, if a person entitled bring any action mentioned in this chapter, the Political Subdivisions Tort Claims Act, the Nebraska Hospital-Medical Liability Act, the State Contract Claims Act, or the State Tort Claims Act, except for [specified actions in rem], is, at the time the action accrued, within the age of twenty years, a person with a mental disorder, or imprisoned, every such person shall be entitled to bring such action within the respective times limited by this chapter after such disability is removed.
Neb. Rev. Stat. § 25-213 (1994).
The statute provides that if a person is entitled to bring an action under the acts specifically listed in the statute, then the time limit will be tolled for minors until they reach the age of majority. It is a general rule of statutory construction that "a statute which specifies the object of its operation excludes therefrom every object not expressly mentioned (expressio unius est exclusio alterius)." Curry v. State ex rel.Stenberg, 242 Neb. 695, 703, 496 N.W.2d 512, 517 (1993).
The conclusion that the Legislature did not intend to include the Crime Victim's Reparations Act under the provisions of § 25-213 is supported by the fact that the Legislature has amended the list of acts to which the statute applies subsequent to the Macku case. Compare Neb. Rev. Stat. § 25-213 (1985) with Neb. Rev. Stat. § 25-213
(Cum. Supp. 1988). Although the Legislature has added a number of claims and acts to § 25-213, such as the State Tort Claims Act and the Political Subdivisions Tort Claims Act, the Crime Victim's Reparations Act has never been added. This indicates the Legislature made a determination that § 25-213 should be applicable to certain acts and programs, which are listed in the statute, and need not be applied to others, such as the Crime Victim's Reparations Act.
It is also important to point out that § 25-213 does specifically list that it applies to "any action in this chapter." Both the version of the statute in effect when theMacku case was decided and its current version include actions in Chapter 25 in its coverage. The statute of limitations for product liability claims is governed by Neb. Rev. Stat. §§25-21,180 to 25-21,182 (1994). As part of Chapter 25, the statute of limitations for product liability cases, such as those brought by Amy Macku, are specifically covered by § 25-213. The claim for compensation before the CVR Committee obviously does not involve a product liability claim, nor any other claim listed in § 25-213. There is no indication in the Macku
decision that the Court's holdings should be extended to claims which are not subject to § 25-213 generally, or to claims for compensation under the Crime Victim's Reparations Act specifically.
Based on the above analysis, § 25-213 does not apply to the Crime Victim's Reparations Act. We therefore conclude that the Nebraska Supreme Court's decision in Macku v. DrackettProducts Co. regarding the tolling of the statute of limitations for minor children does not apply to claims for compensation filed with the Crime Victim's Reparations Committee.
 A Comparison of the Claims in the Macku Case and Those in the Present Situation
Even if § 25-213 did apply to claims for compensation under the Crime Victim's Reparations Act, it does not appear the claims involved in the situation before the CVR Committee meet the criteria established in the Macku case for tolling a statute of limitations. The Macku Court held that the statute of limitations was tolled while Amy Macku was a minor, but the claims filed by Amy Macku's parents were barred by the same statute of limitations.
The Macku Court stated that, "[t]he cause or right of action of parents is distinct from the cause of action of their child." Macku at 179, 343 N.W.2d at 60. The Court explained that a minor's claims are based on damages caused by personal or bodily injuries the child sustains. A parent's claims are based on the loss of the child's services and costs for the child's treatment. Amy Macku's parents wished to recover their costs incurred by providing their child with necessary medical care. Similarly, the claim for reimbursement before the CVR Committee is based on a parent's costs incurred for her child's mental health treatments.
Even though the Mackus' expenses for medical costs were incurred on behalf of their daughter, the Court barred their claims. The fact that the costs were incurred as a direct result of their child's injuries did not make the claim personal to the minor and therefore tolled. Applying this analysis to the situation before the CVR Committee, the Macku decision appears to provide support that the claims are not personal to the minor child and therefore are not tolled even if a statute of limitations such as § 25-213 applies to the situation.
The Macku case illustrates that even though a parent's costs are incurred for the child's necessary medical or psychological treatments, the damages are sustained by the parent, and recovery of those damages is not the child's personal claim. The Court stated that the tolling protection provided to minors in § 25-213 "exists for the exclusive and personal benefit of Amy Macku and does not toll the time limit restricting prosecution of any parental claim associated with Amy's separate and personal claim." Macku at 183, 343 N.W.2d at 62. If the parent actually paid for the treatments, theMacku case indicates it is the parent's claim which is involved when applying for compensation. Under the reasoning in the Macku case, the claim presented to the CVR Committee is the mother's, not the child's.
Neither do the statutes or regulations controlling compensation under the Crime Victim's Reparation Act indicate a parent's claim for reimbursements is to be construed as the child's personal claim. Title 81, NAC, Chapter 1, § 001.02, cited above, defines eligible applicants as a spouse or "any other person responsible for the maintenance and support of the victim who has suffered pecuniary loss or who has incurred the victim's expenses as a result of the victim's injury. . . ." It appears a parent would be compensable under the category of persons described in Chapter 3, § 001.02, were it not for the statute of limitations involved in the present situation. The regulation indicates the eligible applicant in such a situation is the spouse or parent who suffered the pecuniary loss or incurred the victim's expenses. The regulation does not state that the claim is necessarily personal to the victim. Victims can file reimbursement claims for losses they personally incur, but they are listed as an eligible applicant in a separate provision.See 80 NAC 3-001.01. Also, the opinion request states that the child's mother is listed as the claimant on the claim form submitted to the CVR Committee.
The claims allowed in the Macku case were personal to the minor involved. A parent's claims for expenses incurred for a minor's treatment were held to be the parent's claims and were held not to be tolled. When the holdings in theMacku case are applied to the situation before the CVR Committee, the claims involved are those of the child victim's mother, not a claim personal to the minor. The statutes and regulations controlling the CVR program do not appear to alter the mother's status as the claimant. Even if a statute of limitations with tolling provisions for minors applied, the parent's claims would therefore not be tolled.
 The Common Law Background for Tolling Statutes of Limitations for Minors Does Not Apply Here
The attorney representing the mother of the child involved in the present situation cites to language in theMacku case stating that preservation of an infant's cause of action has existed for a century in Nebraska, is an integral part of Nebraska's policy, and should not be casually discarded. We do not take lightly Nebraska's policy to protect causes of action minors are entitled to bring. However, applications for compensation submitted to the CVR Committee are not "causes of action" as that term was used in theMacku case. A cause of action generally refers to a person's right to seek judicial relief or "The right which a party has to institute a judicial proceeding." Black's LawDictionary, 221 (6th ed. 1990). The issue before the CVR Committee is an administrative claim for compensation, not a judicial proceeding.
A significant consideration in the Macku decision was that prior to adopting a statutory construction that would restrict or abolish a common law right, the Court will exercise strict scrutiny and ensure that the plain words of the statute compel such an interpretation. The Macku Court reasoned that the Legislature's failure to explicitly state in § 25-224(4) that the tolling provisions in § 25-213 did not apply to product liability claims must be construed in favor of a minor bringing a cause of action based on product liability.
The factors present in the Macku case are not present in the situation before the CVR Committee. The Crime Victim's Reparations Act does not restrict or abolish a right under common law. Section 25-213 does not already apply to the subject matter of the Crime Victim's Reparations Act, as it did to product liability claims in the Macku case. Therefore, no specific language is needed in the Act in order to exempt it from coverage under § 25-213. Product liability actions, such as was involved in the Macku case, have historically been tolled in Nebraska courts for the protection of minors. Claims under the Crime Victim's Reparations Act have no such background. Also, as previously mentioned, the application before the CVR Committee is not a "cause of action."
Conclusion
We therefore conclude that the Nebraska Supreme Court's decision in Macku v. Drackett Products Co., concerning the tolling of the statute of limitations for claims brought by minor children, does not apply to situations involving applications for compensation under the Crime Victim's Reparations Act.
Sincerely,
 DON STENBERG Attorney General
 Timothy J. Texel Assistant Attorney General
Approved:
_________________________ Attorney General