**John BUDLER and Linda Budler, as Co–Personal Representatives of the Estate of Andrew Budler, Deceased, Plaintiffs,**

v.

**GENERAL MOTORS CORPORATION, Defendant.**

**No. 8:02CV161.**

United States District Court, D. Nebraska.

March 24, 2003.

Pamela J. Dahlquist, Catherine A. Damico, Kutak Rock, LLP, Omaha, NE, William H. Pickett, William Pickett Law Firm, Kansas City, MO, for plaintiffs.

Kevin J. Dostal, Ralph A. Froehlich, Locher, Cellilli Law Firm, Omaha, NE, Andrea L. Laginess, Frank Nizio, Bowman, Brooke Law Firm, Troy, MI, for defendant.

## MEMORANDUM AND ORDER

BATAILLON, District Judge.

Before me is the defendant's motion, Filing No. 15, to dismiss the plaintiffs' complaint, Filing No. 1,[1] pursuant to Nebraska's Statute of Repose, Neb.Rev.Stat. § 25–244(1995). The parties have supplied me with briefs, Filing Nos. 17, 22, 29, and 37, which are supported by indexes of evidence, Filing No. 16, 23, 31, and 38.

This motion raises a question that apparently has not been resolved by the Nebraska Supreme Court or the Eighth Circuit: Is the ten-year statute of repose for product liability actions in Neb.Rev.Stat. § 25–224(2) tolled by a person's status as a minor, pursuant to Neb.Rev.Stat. § 25–213? I have now reviewed the record and the applicable law, and I find that the defendant's motion to dismiss should be denied.

*Factual Background.* On April 3, 1998, Andrew Budler was critically injured in a roll-over accident involving a 1991 Pontiac Grand Prix. Andrew was nineteen years old at the time of the accident. A Nebraska County Court appointed his parents, the plaintiffs, as co-conservators of his estate and, following Andrew's death on October 10, 2002, as co-personal representatives of his estate. Andrew died seven days after his twenty-first birthday.

The plaintiffs filed this suit on April 2, 2002. In count I of the complaint, they allege that the defendant's negligent design, testing, manufacture, and assembly of the Grand Prix's roof and roof support parts were the proximate causes of Andrew's injuries. Count II is a strict liability claim.

■ *Discussion.* The defendant has established that the car in which Andrew was riding when he was injured was first sold on June 24, 1991. Filing No. 16, Def.'s Evid. Index, Ex. B. The defendant contends that because the car was over ten years old when the plaintiffs filed suit in April 2002, the suit is barred by statute of repose found in Neb.Rev.Stat. Ann. § 25–224 (Michie 1995).[2] Section 25–224(2) provides that "[n]otwithstanding subsection (1) of this section or any other statutory provision to the contrary," a product liability action must "be commenced within ten years after the date when the product which allegedly caused the personal injury, death, or damage was first sold or leased for use or consumption."

The plaintiffs maintain that the ten-year period of repose in section 25–224(2) could not have expired by the time suit was filed because Andrew was a minor when the accident occurred, meaning that the statute of limitations did not begin to run until Andrew turned twenty-one. Nebraska's statute of limitations for a product liability case is four years.[3] *See* Neb.Rev.Stat. Ann. § 25–224(1) (Michie 1995) (product liability actions except those dealing with asbestos must be brought within four years of injury). But Nebraska law also

---

1. The plaintiffs filed an amended complaint on November 8, 2002, Filing No. 47, and a second amended complaint on March 3, 2003, Filing No. 59. Since both the first and second amended complaints are subject to the same statute of repose challenge, my ruling here also applies to those complaints.

2. While this suit was pending, the Nebraska Legislature amended section 25–224 in September 2001. The statute analyzed here is the one in effect at the time the suit was filed.

3. The defendant does not contend that the plaintiffs' suit is barred by the statute of limitations.

provides that if a person is "within the age of twenty years" when a cause of action accrues, that person "shall be entitled to bring such action within the respective times limited by this chapter after such disability is removed." Neb.Rev.Stat. Ann. § 25–213 (Michie 1995). According to the plaintiffs, this "tolling statute for a minor 'trumps' the statute of repose." Filing No. 22, Plaintiffs' Opp. Brief at 2. Because Andrew did not turn 21 until October 3, 2000, the plaintiffs say, the four-year statute of limitations for a product liability action did not begin to run until that date.

As support, the plaintiffs rely on an Eighth Circuit case in which the court held that section 25–213 tolled the ten-year statute of repose for professional negligence actions in effect when the suit was filed,[4] thereby permitting a child's parents to bring a medical malpractice action more than thirteen years after the allegedly negligent acts occurred. *Hatfield v. Bishop Clarkson Mem. Hosp.*, 679 F.2d 1258, 1261–62 (8th Cir.1982). The court noted that the Nebraska Legislature had specifically excepted certain types of actions from the tolling provisions of section 25–213, and that professional negligence actions were not among them. *Id.* at 1264. The plaintiffs thus apparently argue that since the Nebraska Legislature has not amended section 25–213 to include product liability actions in the list of actions excepted from the statute's tolling provision, the rationale and holding of *Hatfield* remain good law on which the plaintiffs are entitled to rely. *See Brown v. Kindred*, 259 Neb. 95, 608 N.W.2d 577, 580 (2000) (noting that because its interpretation of section 25–213 had stood unchanged for

thirteen years, the court could presume that "the Legislature has acquiesced in the court's determination of the Legislature's intent").

The plaintiffs also rely on two subsequent Nebraska cases. In the year following *Hatfield*, the Nebraska Supreme Court was asked to decide 1) whether pursuant to section 25–213, the legal disability of insanity tolled the statute of limitations for suits based on professional negligence brought under section 25–222, and 2) whether the ten-year statute of repose in section 25–222 was unconditional, at least with respect to the tolling provisions of section 25–213 for individuals with legal disabilities. *Sacchi v. Blodig*, 215 Neb. 817, 341 N.W.2d 326, 328–29 (1983). Holding that the professional negligence statute of repose was neither absolute nor unconditional in light of the tolling provisions of section 25–213, the court explained the policies protected by those tolling provisions.

> Clearly, the purpose of § 25–213 is to lift the burden of severe time restrictions or limitations from those under legal disability, that is, from those who do not have the ability and capacity to protect their rights existing under our laws. Therefore, in keeping with our discovery rule to prevent manifest injustice, a person under a legal disability described in section 25–213 is exempted from the provisions of § 25–222 until the legal disability is removed.

> . . . .

> By omitting professional negligence from those excluded situations mentioned in § 25–213, the Legislature has dictated that the time limits for com-

4. The statute in effect at the time suit was filed contained a two-year statute of limitations for professional negligence actions, with a one year from discovery limitation for causes of action that could not have been reasonably discovered within the two-year period. The ten-year statute of repose ran from the date on which the allegedly negligent professional services were or were not rendered. Neb.Rev.Stat. § 25–222 (1979).

mencing an action based on malpractice shall not apply to persons under legal disability. Persons suffering mental derangement cannot be expected to evaluate and communicate information so that their rights can be protected and enforced. Nebraska has a long-standing policy of protection extended to those under legal disability who are, therefore, unable to help themselves. Were the limitation urged by [the defendants] accepted, such drastic and draconian definitude for commencement of an action would effectively eliminate a cause of action of one unable to protect himself or herself. Any repose effectuated by expiration of 10 years from rendition of or failure to render services, as described in § 25–222, is neither absolute nor unconditional, for a person suffering under a legal disability, as described in § 25–213, upon removal of the legal disability can commence an action for professional negligence as provided under Nebraska law.

*Id.* at 330 (internal citations omitted).[5]

In the following year, the Nebraska Supreme Court was asked to decide whether the tolling provisions of section 25–213 applied to a suit brought under section 25–224(4), which gave plaintiffs with a product liability cause of action as of July 22, 1978, two years to bring suit. *Macku v. Drackett Prods. Co.*, 216 Neb. 176, 343 N.W.2d 58 (1984). Finding that the infancy of the minor plaintiff tolled the two-year statute of limitations in section 25–224(4), the court reiterated the policy behind section 25–213, a policy reflected in Nebraska law since the first enactment of section 25–213 in 1867.

Existence for a century has made preservation of an infant's cause of action an integral part of Nebraska's policy and law not casually overlooked or discarded. There must be more than silence in the legislation before we can infer an intent in § 25–224(4) to extinguish preservation of an infant's cause of action protected by § 25–213. To fashion an abolitionary intent from the verbal void of § 25–224(4) would be truly creative. However, creation is a subject for *Genesis* and not for the Nebraska Reports.

*Id.* at 61.

Despite the above strong statements of the public policy, the defendant argues that neither *Hatfield* nor the related Nebraska cases directly answer the question of whether the statute of repose in section 25–224(2) is tolled by section 25–213, since these cases concern the tolling of Nebraska statutes of limitations, not the Nebraska statute of repose. The defendant contends that statutes of limitations are distinguished from statutes of repose by their effect: A statute of limitations sets the time within which the plaintiff must sue after an injury occurs, but a statute of repose focuses only on the age of the product allegedly causing the injury, marking an absolute outer boundary for when product liability suits can be brought. *See Nesladek v. Ford Motor Co.*, 876 F.Supp. 1061, 1067 (D.Minn. 1994), *aff'd*, 46 F.3d 734 (8th Cir.1995) (applying Nebraska law, finding product liability suit time-barred because the injury occurred after the statute of repose expired).

According to the defendant, the phrase "[n]otwithstanding subsection (1) of this section or any other statutory provision to the contrary" in section 25–224(2) makes absolute the requirement that all product

---

**5.** The "discovery rule" which the court here reaffirmed came from *Spath v. Morrow*, 174 Neb. 38, 115 N.W.2d 581, 585 (1962), in which the court held that a cause of action does not accrue until the plaintiff discovers or should have discovered the injury in the exercise of reasonable diligence.

liability suits must be brought within ten years of the allegedly defective product's first sale. The defendant says that had the Nebraska Legislature intended to except from the absolute ten-year limit a suit brought pursuant to the tolling provision of section 25–213, it would have included it along with the two exceptions carved into statute: a suit governed by U.C.C. § 2–725 (giving statutes of limitations for sales contracts) or an asbestos suit under subsection (5) of section 25–224.[6] *Id.*

Both parties find support for their positions in legislative history. The defendant extracts proponents' comments made during floor debate on the 1978 version of section 25–224 which indicate that the statute of repose represented "an absolute limit from the date the product was put in your hands, essentially, to be filing any lawsuits as a result of anything resulting from that product." Filing No. 28, Pl. Supp. Exs., Vol. III, Floor Debate on LB 665, 85th Leg., 2d Sess., at 20437 (Feb. 20, 1978) (comments of Sen. J. DeCamp). The purpose of this "absolute cutoff" was to create for the insurance system a "predictable term of years over which you can project and calculate for inflation, for number of litigants that might be involved, for increase in amounts of litigation" so that insurance companies would not be forced "to anticipate for what is going to happen 25, 30, 50 years in the future." *Id.* The defendant contends that the legislature was aware that the statute of repose could cut off product liability actions involving minors, since opponents worried that the bill would bar suits against vaccine or drug manufacturers should harmful effects of their products on children become apparent only after the passage of time. *Id.* at 20440 (comments of Sen. E. Chambers).

The plaintiffs, however, insist that the legislature intended the statute of repose to cut off only suits for injuries occurring or discovered after the statute of repose expired—not suits for injuries occurring, as here, before it expired. The plaintiffs take a longer view of legislative history, examining not only the 1978 floor debate on section 25–224, but also the 1981 debate on excepting asbestos suits from the statute of repose and the 2001 amendments allowing the statute of repose to vary for products manufactured outside of Nebraska. In arguing that the statute is not nearly as absolute as the defendant insists, the plaintiffs note that despite Senator De-Camp's 1978 comments quoted above about an "absolute cut-off" for product liability suits, he also described section 25–224 as a balance between "the right of the individual to sue forever with the right of society to be able to have a system that insures that we have products liability insurance, that we have manufacturers in business." *Id.* at 20437. He stated that section 25–224 would not cut off an injured person's rights "after four years, or ten years, it depends on certain circumstances.... As a general rule we're imposing four and ten, but there are exceptions to that as I pointed out the other day...." *Id.* (Feb. 27, 1978), at 20490–91.

The plaintiffs believe that the legislators' recognition in 1978 that exceptions exist to the statute of repose meant that they were well aware of the protections granted in the much older (and much more frequently amended) section 25–213. The plaintiffs examine the history of section 25–213 from its first enactment in 1867 to its last amendment in 1988, noting that the legislature has consistently expanded the protection afforded minors and others under

---

**6.** The legislature added sub-section(5) to section 25–224 in 1981 to eliminate the ten-year statute of repose for asbestos-related injuries.

legal disability. Pointedly, the legislature has never amended section 25–213 to except product liability actions brought under section 25–224, nor has it ever exempted section 25–224 from the application of section 25–213.

The legislative history battle thus comes down to the public policy reflected in sections 25–224 and 25–213. The protection given to manufacturers and insurance companies in section 25–224 from the very small number of suits for injuries caused by elderly products is without question important, but it conflicts directly with the far wider protection given minors and other under legal disability by the tolling provisions in section 25–213. The Nebraska Legislature has had numerous opportunities to amend either statute to reflect the explicit operation of the other, but has chosen not to do so.

The conflict between the statutes does not require this court to find that the more recent section 25–244 somehow implicitly nullifies or repeals the older section 25–213. The Nebraska Supreme Court has plainly stated that repeal by implication is not favored "unless the repugnancy between the new provision and the former statute is plain and unavoidable. In the absence of clear legislative intent, the construction of a statute will not be adopted which has the effect of nullifying or repealing another statute." *Bergan Mercy Health Sys. v. Haven*, 260 Neb. 846, 620 N.W.2d 339, 349 (2000) (internal citations omitted). *See also Hammond v. City of Broken Bow*, 239 Neb. 437, 476 N.W.2d 822, 826 (1991) ("Repeal by implication requires that the later statute or ordinance be unavoidably repugnant to the earlier statute or ordinance."). Section 25–224 is not plainly or unavoidably repugnant to section 25–213, nor is there clear legislative intent to repeal or nullify section 25–213 with section 25–224.

Taking my lead from the Nebraska Supreme Court in *Hatfield, Sacchi,* and *Macku,* I therefore find that Andrew Budler's infancy tolled the statute of repose in section 25–224(2). The policy reasons allowing this suit to proceed are as strong as those in previous Nebraska cases, particularly since Andrew's injuries occurred before the ten-year statute of repose expired. The statute of repose plays an important role in protecting insurance companies and manufacturers from the occasional litigation over injuries caused by aging or deteriorating products, but that protection cannot be at the expense of individuals under legal disabilities whose interests Nebraska has been protecting for over a century. Accordingly,

IT IS ORDERED that the defendant's motion, Filing No. 15, to dismiss the plaintiffs' complaint, Filing No. 1, is denied.