JOHN BUDLER AND LINDA BUDLER, COPERSONAL
REPRESENTATIVES OF THE ESTATE OF
ANDREW BUDLER, DECEASED, APPELLEES, V.
GENERAL MOTORS CORPORATION, APPELLANT.

689 N.W.2d 847

Filed December 17, 2004.   No. S-04-096.

Frank Nizio, of McGuire Woods, L.L.P., Eileen Penner and Kristina S. Bennard, of Mayer, Brown, Rowe & Maw, L.L.P., and Jay L. Welch, Kevin J. Dostal, and Ralph A. Froehlich, of Locher, Cellilli, Pavelka & Dostal, L.L.C., for appellant.

William H. Pickett and David T. Greis, of William H. Pickett, P.C., and Norman M. Krivosha and Catherine A. Damico, of Kutak Rock, L.L.P., for appellees.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

WRIGHT, J.

## NATURE OF CASE

The U.S. Court of Appeals for the Eighth Circuit has certified the following question to this court: "Is the ten-year statute of repose for products liability actions in Neb. Rev. Stat. § 25-224(2) (1995), tolled by a person's status as a minor, pursuant to Neb. Rev. Stat. § 25-213?" We accepted the certification request.

## FACTS

In accordance with Neb. Rev. Stat. § 24-221 (Reissue 1995), the following facts were provided in the certification request from the Eighth Circuit. Andrew Budler was born on October 3, 1979. On April 3, 1998, he was injured as a result of a rollover of the 1991 Pontiac Grand Prix in which he was a passenger. Andrew's parents, John Budler and Linda Budler (the Budlers), were appointed to act as his coconservators and, upon his death on October 10, 2002, as his copersonal representatives.

The 1991 Pontiac Grand Prix was first sold by General Motors Corporation (GMC) on June 24, 1991. On April 2, 2002, the

Budlers filed a two-count complaint against GMC, alleging a strict liability claim and a product liability claim. GMC moved to dismiss the suit based upon the 10-year statute of repose found in Neb. Rev. Stat. § 25-224(2) (Reissue 1995). (We note that § 25-224 was amended in 2001; however, the certification request from the Eighth Circuit refers specifically to § 25-224 (Reissue 1995).) The Budlers claimed that § 25-224(2) was tolled by Neb. Rev. Stat. § 25-213 (Reissue 1995), which provides that a minor "shall be entitled to bring such action within the respective times limited by this chapter after such disability is removed." In essence, they argued that since Andrew was a minor at the time of the accident, he would have 4 years from the date he reached the age of majority to commence an action against GMC.

The U.S. District Court for the District of Nebraska concluded in *Budler v. General Motors Corp.*, 252 F. Supp. 2d 874 (D. Neb. 2003), that Andrew's infancy tolled the statute of repose in § 25-224(2). The federal district court opined that the policy reasons for allowing the suit to proceed were as strong as those in previous Nebraska cases, particularly since Andrew's injuries occurred within 10 years after the vehicle was first sold.

GMC appealed, arguing that the cases relied upon by the federal district court were inapposite and that § 25-213 did not apply given the explicit qualifying language in § 25-224(2) that "[n]otwithstanding subsection (1) of this section or any other statutory provision to the contrary," a product liability action must be commenced within 10 years after the date when the product was first sold or leased for use or consumption.

The Eighth Circuit found no controlling precedent in the decisions of this court regarding the certified question and, because the answer to the question may be determinative of GMC's appeal, certified the question to us.

## ANALYSIS

We begin our analysis by setting forth the applicable sections of Nebraska law. Section 25-213 states in relevant part:

Except as provided in sections 76-288 to 76-298, if a person entitled to bring any action mentioned in this chapter . . . is, at the time the cause of action accrued, within the age of twenty years . . . every such person shall be entitled to

> bring such action within the respective times limited by this chapter after such disability is removed.

For purposes of § 25-213, the phrase "within the age of twenty years" means until a person turns 21 years of age. See, *Brown v. Kindred*, 259 Neb. 95, 608 N.W.2d 577 (2000); *Lawson v. Ford Motor Co.*, 225 Neb. 725, 408 N.W.2d 256 (1987).

Section 25-224 provided:

> (1) All product liability actions . . . shall be commenced within four years next after the date on which the death, injury, or damage complained of occurs.
>
> (2) Notwithstanding subsection (1) of this section or any other statutory provision to the contrary, any product liability action, except one governed by section 2-725, Uniform Commercial Code or by subsection (5) of this section, shall be commenced within ten years after the date when the product which allegedly caused the personal injury, death, or damage was first sold or leased for use or consumption.
>
> . . . .
>
> (4) Notwithstanding the provisions of subsections (1) and (2) of this section, any cause of action or claim which any person may have on July 22, 1978, may be brought not later than two years following such date.

This court has considered the effect of § 25-213 on statutes of limitation in several cases, but we have not specifically addressed the issue presented here. In *Sacchi v. Blodig*, 215 Neb. 817, 341 N.W.2d 326 (1983), we examined whether the legal disability of insanity tolled the statute of limitations found in the professional negligence statute, Neb. Rev. Stat. § 25-222 (Reissue 1995). We also considered whether § 25-222 was a statute of unconditional repose "so that any cause of action based on professional negligence is absolutely barred at the expiration of 10 years from the rendition of or failure to render the service which is the basis of the action." *Sacchi v. Blodig*, 215 Neb. at 819, 341 N.W.2d at 329. Section 25-222 provides in relevant part: "[I]n no event may any action be commenced to recover damages for professional negligence . . . more than ten years after the date of rendering or failure to render such professional service which provides the basis for the cause of action."

We noted that there had been no amendments to § 25-213 (Reissue 1979) which excluded professional negligence and that "[b]y omitting professional negligence from those excluded situations mentioned in § 25-213, the Legislature has dictated that the time limits for commencing an action based on malpractice shall not apply to persons under legal disability." *Sacchi v. Blodig*, 215 Neb. at 823, 341 N.W.2d at 330.

In *Macku v. Drackett Products Co.*, 216 Neb. 176, 343 N.W.2d 58 (1984), we were asked by the U.S. Court of Appeals for the Eighth Circuit to determine whether the 2-year statute of limitations in § 25-224(4) (Reissue 1979) was tolled by § 25-213 (Reissue 1979). Amy Macku, a minor, had been injured on August 23, 1977, when she drank liquid drain cleaner manufactured by Drackett Products Company. Her mother filed a complaint in federal district court on May 13, 1981, seeking damages for Amy's injuries.

We held that § 25-213 tolled the time limit of § 25-224(4) for prosecution of an infant's cause of action. *Macku v. Drackett Products Co., supra.*

> Existence for a century has made preservation of an infant's cause of action an integral part of Nebraska's policy and law not casually overlooked or discarded. There must be more than silence in the legislation before we can infer an intent in § 25-224(4) to extinguish preservation of an infant's cause of action protected by § 25-213. To fashion an abolitionary intent from the verbal void of § 25-224(4) would be truly creative. However, creation is a subject for *Genesis* and not for the Nebraska Reports.

*Macku v. Drackett Products Co.*, 216 Neb. at 181, 343 N.W.2d at 61. Although we held that the limitations found in §§ 25-222 and 25-224(4) were tolled by § 25-213, we noted that the language of § 25-224(2) differed from § 25-224(4) in that it contained the phrase "[n]otwithstanding . . . any other statutory provision to the contrary."

In contrast, in *Stuart v. American Cyanamid Co.*, 158 F.3d 622 (2d Cir. 1998), *cert. denied* 526 U.S. 1065, 119 S. Ct. 1456, 143 L. Ed. 2d 543 (1999), the U.S. Court of Appeals for the Second Circuit construed Nebraska law and held that § 25-224(2) (Reissue 1995) was not tolled by § 25-213 (Reissue 1995). Brian Stuart had

received a polio vaccination in early 1979, when he was 3 months old. Within 30 days, he became permanently paralyzed. Doctors told his mother in May 1979 that the condition was caused by a vaccine-induced polio infection. His mother filed an action against the maker of the vaccine in 1990.

The Second Circuit stated that a statute of limitations generally establishes the time period within which lawsuits may be commenced after a cause of action has accrued and that, as such, it is

> an affirmative defense, affecting the remedy, but not the existence of the underlying right. [Citation omitted.] In contrast, a statute of repose extinguishes the cause of action, the right, after a fixed period of time, usually measured from the delivery of the product or completion of work, regardless of when the cause of action accrued.

*Stuart v. American Cyanamid Co.*, 158 F.3d at 627. In concluding that the statute of repose is not tolled during a plaintiff's infancy, the court stated:

> The statute of repose (which was adopted well after the infancy tolling provision was enacted) bars *all* product liability actions commenced more than ten years after the product's sale "[n]otwithstanding . . . [any] other statutory provision to the contrary . . . ." [Citation omitted.] In light of the unambiguous language of the statute, it is clear that the Nebraska [L]egislature did not intend to toll the statute of repose during a claimant's infancy.

*Id.* at 628-29. See, also, *Givens v. Anchor Packing*, 237 Neb. 565, 466 N.W.2d 771 (1991) (§ 25-224(2) can properly be characterized as statute of repose which prescribes limitations on actions).

The fundamental rule in construing statutes is that they shall be construed in pari materia and from their language as a whole to determine the intent of the Legislature. *Hoiengs v. County of Adams*, 254 Neb. 64, 574 N.W.2d 498 (1998). Statutory language is to be given its plain and ordinary meaning, and an appellate court will not resort to interpretation to ascertain the meaning of statutory words which are plain, direct, and unambiguous. *Woodhouse Ford v. Laflan, ante* p. 722, 687 N.W.2d 672 (2004). A court must attempt to give effect to all parts of a statute, and if it can be avoided, no word, clause, or sentence will be rejected as superfluous or meaningless. *In re*

*Guardianship & Conservatorship of Woltemath, ante* p. 33, 680 N.W.2d 142 (2004). In determining the meaning of a statute, an appellate court may conjunctively consider and construe a collection of statutes which pertain to a certain subject matter to determine the intent of the Legislature, so that different provisions are consistent, harmonious, and sensible. See, *Governor's Policy Research Office v. KN Energy*, 264 Neb. 924, 652 N.W.2d 865 (2002); *Hoiengs v. County of Adams, supra.*

Guided by these principles of statutory interpretation, we examine § 25-224(2) and (4) because a comparison of these subsections is determinative of the question presented. Nebraska law has recognized the need to preserve a cause of action belonging to one under legal disability, e.g., an infant, since 1867. See *Macku v. Drackett Products Co.*, 216 Neb. 176, 343 N.W.2d 58 (1984). In *Macku*, we found nothing in the language of § 25-224(4) (Reissue 1979) indicating that its 2-year limitation was given significance greater than or effect different from any other statute of limitations mentioned in chapter 25 of the Nebraska Revised Statutes. In concluding that § 25-213 (Reissue 1979) tolled the time limit of § 25-224(4), we could not infer an intent to extinguish the preservation of an infant's cause of action without such specific language in § 25-224(4).

However, there is language in § 25-224(2) (Reissue 1995) that expresses the Legislature's intent to override the tolling provision of § 25-213 (Reissue 1995). As noted in *Hatfield v. Bishop Clarkson Memorial Hosp.*, 701 F.2d 1266, 1272 n.5 (8th Cir. 1983) (Lay, Chief Judge, dissenting), the "explicit override of other provisions in subsection (2) and the absence of such an override in subsection (4) is a strong indication that the [L]egislature" did not intend that the two subsections would have the same result.

It is evident that § 25-224(2) and (4) are distinguishable. As in the professional negligence statute, § 25-222, the Legislature did not include a specific override in § 25-224(4). However, the Legislature has specifically overridden the infancy tolling provision of § 25-213 by stating that § 25-224(2) applies notwithstanding any other statutory provision to the contrary. Since we are required to give effect to all parts of a statute, see *In re Guardianship & Conservatorship of Woltemath, supra*, we

conclude that the 10-year limitation in § 25-224(2) is not tolled by the provisions of § 25-213.

## CONCLUSION

Our answer to the certified question is that Neb. Rev. Stat. § 25-224(2) (Reissue 1995) is not tolled by a person's status as a minor pursuant to Neb. Rev. Stat. § 25-213 (Reissue 1995).

In accordance with Neb. Rev. Stat. § 24-225 (Reissue 1995), this opinion stating the law governing the certified question shall be sent by the clerk under the seal of the Nebraska Supreme Court to the U.S. Court of Appeals for the Eighth Circuit and to the parties.

JUDGMENT ENTERED.