John BUDLER; Linda Budler, as Co–Personal Representatives of the Estate of Andrew Budler, Deceased, Appellees,

v.

GENERAL MOTORS CORPORATION, Appellant.

No. 03–2258.

United States Court of Appeals, Eighth Circuit.

Submitted: Dec. 18, 2003.

Filed: March 11, 2005.

Eileen Penner, argued, Washington, D.C. (Evan M. Tager and Craig W. Canetti of Washington, D.C., Frank Nizio and Andrea L. Laginess, Troy, MI, Jay L. Welch, Kevin J. Distal and Ralph A. Froehlich, Omaha, NE, on the brief), for appellant.

Norman M. Krivosha, argued, Omaha, NE (Catherine A. Damico, Omaha, NE, William H. Pickett and David T. Greis, Kansas City, MO, on the brief), for appellee.

Before WOLLMAN, LAY, and HANSEN, Circuit Judges.

HANSEN, Circuit Judge.

General Motors Corporation ("GMC") brings this interlocutory appeal from the district court's denial of its motion to dismiss this diversity-based product liability action. GMC sought dismissal, arguing that the action is barred by Nebraska's ten-year statute of repose for product liability actions. The district court denied the motion to dismiss, concluding that the statute of repose was tolled by Andrew Budler's status as a minor when the accident occurred. Finding no controlling precedent in Nebraska decisions on whether the statute of repose in product liability actions may be tolled by legal disability, we certified the question to the Nebraska Supreme Court. The Nebraska Supreme Court has now respectfully answered our question and concluded that the statute of repose is not tolled by a person's status as a minor, and we accordingly reverse the district court's denial of GMC's motion to dismiss.

I.

Andrew Budler was born on October 3, 1979. On April 3, 1998, when he was nineteen years old, Andrew was in an automobile accident. He was a passenger in a 1991 Grand Prix manufactured by GMC. The roof of the automobile collapsed during a slow speed rollover. As a result, Andrew suffered permanent paralysis, severe brain and spinal cord injuries, and many other complications.

Nebraska's statute of repose provides that product liability actions must be brought within ten years after the date when the product that allegedly caused an injury was first sold, and the automobile involved in this accident was first sold on June 24, 1991, giving the plaintiffs until June 24, 2001, to bring a product liability action. A general tolling statute, however, permits limitations to be tolled when a claim arises while a person is a minor.

At the time of the accident, Andrew was under age twenty-one. Relying on the tolling statute, the Budlers brought suit on April 2, 2002. Andrew and his parents, in their capacities as co-conservators of Andrew's estate, filed a two-count product liability complaint against GMC, seeking damages on the basis of strict liability and negligence. As an affirmative defense and as grounds to dismiss, GMC asserted that the suit was precluded by the statute of repose because the vehicle had first been sold over ten years prior to commencement of the suit. Before the district court

ruled on GMC's motion to dismiss, the plaintiffs sought and were granted leave to amend the complaint to increase the amount of damages requested.

On October 10, 2002, Andrew Budler died. In January 2003, his parents filed a motion to substitute parties and sought leave to file a second amended complaint changing their representative status to co-personal representatives of Andrew's estate. The court granted leave to amend, and the Budlers added two counts of wrongful death to the complaint, also based upon product liability.

On March 24, 2003, the district court denied GMC's motion to dismiss, noting that the amended complaint was subject to the same statute of repose challenge but concluding that Nebraska's ten-year statute of repose was tolled by Andrew's status as a minor. The court then certified the order for interlocutory appeal.

## II.

■ Because the district court certified its judgment for interlocutory appeal, we have jurisdiction pursuant to 28 U.S.C. § 1292(b) (2000). We apply de novo review to the district court's disposition of the motion to dismiss. *Randolph v. Rodgers*, 253 F.3d 342, 345 (8th Cir.2001). We likewise review de novo the district court's interpretation of state law. *Salve Regina Coll. v. Russell*, 499 U.S. 225, 231, 111 S.Ct. 1217, 113 L.Ed.2d 190 (1991); *Evergreen Invs., LLC v. FCL Graphics, Inc.*, 334 F.3d 750, 753 (8th Cir.2003). There is no dispute that Nebraska law applies to this diversity action.

■ Nebraska's statute governing product liability actions provides a four-year statute of limitation. Neb.Rev.Stat. § 25–224(1). Subsection 2, the statute of repose, provides, "Notwithstanding subsection (1) of this section *or any other statutory provision to the contrary,* any product liability action ... shall be commenced within ten years after the date when the product which allegedly caused the personal injury, death, or damage was first sold or leased for use or consumption." Neb. Rev.Stat. § 25–224(2) (Reissue 1995) [1] (emphasis added). Generally, Nebraska tolls statutes of limitation for people who are "within the age of twenty years old," who suffer from a mental disorder or who are imprisoned at the time the cause of action accrues. *See* Neb.Rev.Stat. § 25–213. "[E]very such person shall be entitled to bring such action within the respective times limited by this chapter after such disability is removed." *Id.*

In denying the motion to dismiss, the district court concluded that the ten-year statute of repose conflicted with the wider protection afforded to minors under the general tolling statute. The district court looked to previous Nebraska Supreme Court decisions, which have considered the effect of the tolling statute in similar but not identical contexts. *See Macku v. Drackett Prods. Co.*, 216 Neb. 176, 343 N.W.2d 58 (1984) (holding § 25–224(4)'s two-year extension was subject to tolling for a minor); *Sacchi v. Blodig*, 215 Neb. 817, 341 N.W.2d 326 (1983) (holding professional negligence suit was subject to tolling for a mental disorder). The district court concluded that these cases indicate a strong public policy in favor of tolling limitations on the basis of legal disability. Noting that "[t]he policy reasons allowing this suit to proceed are as strong [as] those in previous Nebraska cases, particularly since Andrew's injuries occurred be-

---

1. While this case was pending before the district court, the Nebraska Legislature amended Section 25–224, but the district court applied the statute in effect at the time the suit was filed, and we apply the 1995 version as well.

fore the ten-year statute of repose expired," (Appellant's Add. at 9), the district court denied the motion to dismiss. GMC argues on appeal that the district court incorrectly ignored the plain language of the statute of repose, which states that product liability actions shall be commenced within ten years of the first sale of the product notwithstanding "any other statutory provision to the contrary." Neb. Rev.Stat. § 25–224(2).

In the absence of any controlling precedent on this issue in the decisions of the Nebraska Supreme Court, and in light of the apparent conflict between the plain language of the statute and Nebraska's strong public policy favoring tolling for minors, we sought certification of the question by the Nebraska Supreme Court. *See* Neb.Rev.Stat. § 24–219 (stating that the Nebraska Supreme Court may answer questions certified to it by this court if it is a question of Nebraska law "which may be determinative of the cause then pending" and "there is no controlling precedent in the decisions of the Supreme Court of this state"). Specifically, our question was whether the ten-year statute of repose for product liability actions prescribed in Neb. Rev.Stat. § 25–224(2) is tolled by a person's status as a minor, pursuant to Neb. Rev.Stat. § 25–213. The Nebraska Supreme Court kindly accepted our certification request and has now ruled on the question.

Relying on the plain language of the statute, the Nebraska Supreme Court held that the ten-year statute of repose, which applies "notwithstanding any other statutory provision to the contrary," specifically overrides the infancy tolling provision of Section 25–213 and therefore is not subject to tolling on that basis. *Budler v. Gen. Motors Corp.*, 268 Neb. 998, 689 N.W.2d 847, 851 (2004). We, of course, are bound by that decision and hold accordingly that

the district court erred by not granting GMC's motion to dismiss. *See Lindsay Mfg. Co. v. Hartford Accident & Indem. Co.*, 118 F.3d 1263, 1267 (8th Cir.1997) (noting in a diversity case that "we are bound in our interpretation of Nebraska law by the decisions of the Nebraska Supreme Court").

Our holding applies to the entirety of the Budlers' second amended complaint. The Budlers contend that the question of whether the statute of repose applies to their wrongful death claims was not addressed by the district court and thus should not be addressed by this court on appeal. We disagree. The district court's ruling acknowledges in a footnote that the plaintiffs had filed a first amended complaint and a second amended complaint after the motion to dismiss had been filed. The first amended complaint merely increased the request for damages on Andrew's claims, and the second amended complaint was filed after Andrew's death. His parents changed their representative status from co-conservators of Andrew's estate to co-personal representatives, and added claims for wrongful death and funeral and burial expenses. The district court did not specifically rule on each count of the complaint but stated, "Since both the first and second amended complaints are subject to the same statute of repose challenge, my ruling here also applies to those complaints." (Appellant's Add. at 1 n. 1.) The ruling did not single out any claims that were not considered with the motion to dismiss, and thus, we review the entire complaint as amended in this appeal.

The wrongful death claims are clearly based upon product liability. The ten-year statute of repose expired before this suit was commenced, before Andrew died, and thus before the wrongful death claims ever arose. Because the lawsuit was not com-

menced within ten years of when the vehicle was first sold, all counts of the second amended complaint are barred by the plain language of the Nebraska statute of repose for product liability actions.

### III.

Accordingly, we reverse the judgment of the district court and remand with instructions to grant GMC's motion to dismiss the cause of action.